[No. 210.   Decided December 8, 1891.]

ALEXANDER SPITHILL, *Appellant*, v. FRANKLIN M. JONES, *Respondent*.

QUIETING TITLE—UNOCCUPIED LANDS—PRESUMPTIONS.

An action to quiet title should be dismissed for want of equity under our statute, where there is no proof showing that plaintiff is in possession of the land in question, or that the same is unoccupied by any person.

There can be no presumption that land is unoccupied from the fact that at some time in the past it was unoccupied and there is no proof of change of such condition.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*H. E. Shields,* and *John K. Brown,* for appellant.

*Preston, Albertson & Donworth,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—This was an action to quiet the title of appellant to a certain piece of land described in the complaint, and to which it was alleged that defendant was claiming title by virtue of a certain deed from one Frank Short, then of record in the auditor's office of the county in which the land was situated. Upon the trial of the cause the court found that there was no proof tending to show that the plaintiff was in possession of the land in question, or that the same was unoccupied by any person. We have examined the testimony brought here on appeal, and are satisfied that the court was justified therefrom in finding as it did upon these questions. This being so, the court was right in dismissing the bill for want of equity; for, regardless of the other questions raised, we are satisfied that there must be proof of one of these facts to warrant the bringing of such an action as the one at bar.

At common law a bill to quiet title could only be maintained when the plaintiff, by allegations and proof, showed that he was in possession; and while it is true that our statute has so far changed this rule that the plaintiff need not be in possession of the land, yet, in such a case, we are of the opinion that the fact that the land is unoccupied is a material one, and necessary to the jurisdiction of the court. To hold a contrary doctrine would be to allow this form of action to be substituted in every case for an action of ejectment, and the defendant in possession of the property be deprived of his constitutional right to a trial by jury.

Appellant practically concedes the rule above stated, but contends that, though there was no direct proof as to the

occupancy of the land in question, yet from the circumstances of the case it must be presumed to have been unoccupied. The proof showed that the title was derived from the United States under the act of June 3, 1878. And appellant argues that, as one of the facts necessary to be shown before the application will be allowed is that the land is unoccupied, it must be presumed that such was the fact when this land was taken. And that, as there is no proof of any change, such unoccupied condition will be presumed to have continued until the commencement of the action. We cannot agree that either of these presumptions can be called to the aid of the proofs in this cause. We know of no rule which would allow us to hold that, because a certain fact was necessary to the proper action of the executive branch of the general government, that we could presume that it in fact existed, and allow such presumption to take the place of allegation and proof in a case like the one at bar. Nor do we know of any rule from which it will be presumed that land is now occupied because at some time in the past it was unoccupied.

The judgment appealed from must be affirmed.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.