[No. 4045. Decided July 15, 1902.]

MAUD POVAH, *Respondent*, v. WILLIAM H. LEE *et al., De-
fendants*, C. P. THOMAS *et al., Appellants*.

QUIETING TITLE — ACTION BY ONE OUT OF POSSESSION — IMPROPER
REMEDY.

An action to quiet title and remove a cloud from real property
cannot be maintained by one who is not in possession, but in

such case, under Bal. Code, § 5500, which provides that "any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; . . . and may have judgment in such action quieting or removing a cloud from plaintiff's title," and under Id., § 5508, which provides that "the plaintiff in such action shall set forth in his complaint the nature of his estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail," the proper remedy is by the statutory action in the nature of ejectment with the added incident of determining the paramount title.

SAME — WAIVER.

The fact that defendants in a suit to quiet title by one out of possession plead their own title, as required by Bal. Code, § 5509, would not constitute a waiver of their right to object that plaintiff had mistaken her remedy, when they do not ask for any affirmative relief in their answer.

Appeal from Superior Court, Spokane County.—Hon. JOHN C. KLEBER, Judge pro tem. Reversed.

*Stoll & Macdonald,* for appellants.

*Barnes & Latimer,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This was an action in the nature of a bill in equity to remove a cloud from and quiet title to certain real property. The action was commenced January 20, 1900. In her complaint the respondent alleged, in substance, that she acquired the property described therein under and by virtue of a contract entered into with the defendants Lee and wife, by the terms of which the Lees agreed to convey the property to her by a good and sufficient warranty deed upon the payment of the consideration named in the contract; that she paid to the Lees the purchase price agreed upon, whereupon they deeded the

property, without her knowledge or consent, to one Adda Robson, who paid nothing for such conveyance and was not entitled thereto, as the Lees then well knew; that subsequently Adda Robson deeded the property to the defendant Kate Hendershot, who in turn deeded it to the appellant Thomas; that each of such deeds was made without consideration, and the two later ones in pursuance of a conspiracy entered into between Hendershot and Thomas for the purpose of cheating and defrauding the respondent out of the property, they having knowledge at the times the conveyances were made that the property was the property of the respondent; that she had demanded from the defendants a conveyance to herself of the property, which had been refused, and that the respondent Thomas, after such demand, had contracted to convey the property to the respondent Noble for $700, agreeing to convey the property to him upon the payment of the purchase price named in the contract. She further alleged that she was in possession of the property at the time of the commencement of the action, and had been so in possession since November 24, 1896. She prayed that the several deeds mentioned, together with the contract of sale from Thomas to Noble, be canceled and held for naught; that the defendants Lee and wife and Thomas be compelled to execute deeds of conveyance to her; that her title be declared and decreed to be good and valid; and that she have such further relief as to the court should seem meet and equitable. The answers of the defendants Lee and wife and Kate Hendershot were, in effect, disclaimers of interest. For answer the appellant Thomas denied the ownership and possession of the respondent, the allegations of fraud in procuring and want of consideration for the deeds under which he claimed title, and set out affirmatively that he was a purchaser of the premises for value, without notice or knowl-

edge of any right in or claim to the property on the part of the respondent; that he had contracted to sell the premises to the appellant Noble; and that Noble was then in possession of the property and had been so in possession under the contract of sale since October, 1899. The answer of Noble was similar in its effect to that of Thomas. Neither of the appellants asked for affirmative relief.

On the trial of the cause it developed that the respondent was not in possession of the property at the time of the commencement of the action, either by herself or by tenant, but that the person she claimed to be her tenant had been ejected from the property in October, 1899,—some three months prior to the time the action was commenced,— and that the son-in-law of Noble was in possession, holding by permission of Noble adverse to the respondent under the contract of sale entered into between Thomas and Noble. When these facts appeared the appellants moved for judgment in their favor. This motion was denied by the trial judge, and he afterwards made findings of fact and conclusions of law to the effect that the respondent was the owner and entitled to the possession of the premises, that the several deeds mentioned and the contract between Thomas and Noble were clouds upon respondent's title, and entered a judgment and decree, adjudging her to be the owner of the property, cancelling the deeds and contract, and awarding her possession of the property.

The appellants contend that under the statutes of this state a claimant of real property, out of possession, cannot maintain an action in the nature of a suit in equity to quiet and remove a cloud from title; that such an action can be maintained only by one in possession; that the remedy of a party out of possession is to bring an action to recover possession, in which his title may be quieted, and clouds therefrom be removed, if the nature of the case and the

facts warrant such relief, but that to permit one out of pos-
sesssion to maintain such an action is to deprive the party
in possession of his constitutional right to have his right to
the possession tried by jury.    On the other hand, the re-
spondent very ably argues that the remedy by action for
possession is not adequate to grant relief in certain particu-
lar cases,—such, for example, as the present one, where
the respondent relies upon a purely equitable title, and
legal remedies are necessarily inadequate to furnish all the
relief required; that in such a case equity, having juris-
diction to remove clouds and quiet title, has jurisdiction
for all purposes, and may proceed to grant such relief as
it finds the claimant is entitled to whether that be legal or
equitable,—even to granting a recovery of possession.    In
support of their respective contentions the parties have
cited numerous cases from other jurisdictions.    We shall
not, however, enter upon a review of them.    It seems to
us that the question is one of construction of our own stat-
utes, and is but little aided by decisions not having like or
similar statutes in view.    These statutes were intended to,
and do, we think, provide a remedy for every claimant of
real property, no matter what may be the nature of the re-
lief required.    By § 5500 (Ballinger's Code) it is enacted
that "Any person having a valid subsisting interest in real
property, and a right to the possession thereof, may recover
the same by action in the superior court of the proper
county, to be brought against the tenant in possession;
.   .   .   any may have judgment in such action quieting
or removing a cloud from plaintiff's title."    By § 5508,
it is provided that "The plaintiff in such action shall set
forth in his complaint the nature of his estate, claim, or
title to the property, and the defendant may set up a legal
or equitable defense to plaintiff's claims; and the superior
title, whether legal or equitable, shall prevail."    By § 5521,

is is provided that "Any person in possession, by himself or his tenant, of real property,  .  .  .  or when such real property is not in the actual possession of any one, .  .  .  may maintain a civil action against any person or persons, corporations or associations, claiming an interest in said real property,  .  .  .  adverse to him .  .  .  for the purpose of determining such claim, estate, or interest." These sections, as we say, provide for remedies covering the entire field. By the first, it is clear that one out of possession of land may bring an action to recover such possession, and may in the same action have his title quieted, and clouds therefrom removed. By the second it is equally clear that such an action can be maintained upon either a legal or equitable title. The third provides remedies for a person in possession. There is therefore no necessity to resort to a circuity of actions. One holding an equitable title and being out of possession need not first bring an action to turn his equitable into a legal estate, and then bring a second action to obtain possession. His rights may all be tried in one action, and we think it is the intent of this statute, as well as the general policy of the law, to require him to so try them. We conclude, therefore, that the respondent cannot maintain an action in this form; that her remedy was to bring an action for possession, so that the defendants might have the opportunity of trying by jury the questions of fact arising on the legal phases of her right to recover.

In so far as the late territorial court and this court has had occasion to pass upon these statutes, it has given them the construction we now put upon them. In *Smith v. Wingard,* 3 Wash. T. 291 (13 Pac. 717), Mr. Justice Turner, speaking of these statutes, said:

"It is contrary to the course of the common law to permit litigation about an abstraction. The judgment of courts of common law are usually something more than mere declarations of rights, and it is a distinguishing feature of such judgments that they are capable of enforcement by execution in some form. . . .

"While the primary object of the law as we find it in this chapter is to determine the question of title to the land, that question is to arise, we think, in litigation about the possession of the land. · The action therein contemplated is the common-law action of ejectment, with the added incident of determining in the action the paramount, legal, or equitable title, and with the departure of permitting the action to be brought against one not in possession, but who claims title to or interest in the land. Its chief virtue is, that it makes the determination of title *res adjudicata*."

In *Catholic Bishop of Nesqually v. Gibbon,* 1 Wash. 592 (21 Pac. 315), it was said by LANGFORD, J., that the remedy by one out of possession of land desiring to test his claim of title thereto was by an action to recover possession under these statutes. So this court in *Spithill v. Jones,* 3 Wash. 290 (28 Pac. 531), held that the trial court rightly dismissed an action to quiet title when it appeared from the evidence on the trial that the plaintiff was not in possession; saying in the course of the opinion,

"To hold a contrary doctrine would be to 'allow this form of action to be substituted in every case for an action of ejectment, and the defendant in possession of the property be deprived of his constitutional right to a trial by jury."

To the same effect is *Reichenbach v. Washington, etc., Ry. Co.,* 10 Wash. 357 (38 Pac. 1126). See, also, *Krutz v. Isaacs,* 25 Wash. 566 (66 Pac. 141).

The trial court held, however, and it is urged here, that the appellants waived their right to object to the

right of the respondent to maintain this action by plead-
ing the title under which they held. But we think this
is a mistaken view of the effect of the answer. The
appellants, in order that they might be permitted to show
that they held under color of title, were obliged, under
the statute, to plead such title (§ 5509); but as they
did not ask to have their title adjudicated, or ask for
any affirmative relief, it did not constitute such a waiver.
In this respect the answer differs from the answer in the
case of *Bates v. Drake,* 28 Wash. 447 (68 Pac. 961),
which was held to constitute a waiver.

The judgment is reversed, and the cause remanded to
enter a judgment to the effect that the respondent take
nothing by her action, and that the appellants recover
their costs.

REAVIS, C. J., and ANDERS, MOUNT, HADLEY and
DUNBAR, JJ., concur.