[No. 5685. Decided October 25, 1905.]

## R. A. WINSOR, *Respondent,* v. NELS HANSON, *Appellant.*[1]

NUISANCE — ABATEMENT — BOOM ACROSS STREAM — EVIDENCE — AD-MISSIBILITY. In an action to enjoin the removal of a boom placed across a stream on the plaintiff's land for the purpose of preventing drift wood from injuring his premises, evidence as to' the practicability of the plaintiff's plan is immaterial.

SAME—REMOVAL BY FLOOD PENDING ACTION—SUBJECT-MATTER OF CONTROVERSY. In an action to enjoin the removal of a boom placed across a stream on the plaintiff's lands, in which the defendant files a cross-complaint for an injunction against the obstruction of the stream, the fact that the boom was carried away by high water between the commencement of the action and the time of trial does not warrant a dismissal because of cessation of the controversy; since the subject-matter of the action was not the particular boom but the right of the plaintiff to obstruct the stream.

SAME—ISSUES—NAVIGABILITY OF STREAM. In an action to enjoin the removal by an upper proprietor of a boom placed across the stream on the plaintiff's lands, the navigability of the stream is no defense to the action, when it has not been placed in issue by the pleadings and there is no attempt to justify its removal upon that ground.

SAME—ABATEMENT BY ACT OF PARTY—JUSTIFICATION—INJUNCTION. A proprietor is not justified in entering upon adjoining lands to abate a nuisance by the removal of a boom placed across the stream, where it has caused him no injury, and merely because of a probability that it will create a nuisance in the future; nor will injunction lie against such an obstruction where the apprehended damage by the backing up of water is merely problematical.

SAME—DISMISSAL OF CROSS-COMPLAINT—WITHOUT PREJUDICE. In an action to enjoin the removal of a boom placed across a stream,

1Reported in 82 Pac. 710.

a dismissal of a cross-complaint to enjoin the obstruction as a nuisance should be without prejudice, where there is proof that no present injury had been done and injury in the future was merely problematical.

Appeal from a judgment of the superior court for Mason county, Linn, J., entered July 8, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, enjoining the removal of a boom across a stream, and dismissing a cross-complaint for an injunction restraining the obstruction of the stream.   Modified.

*L. R. Byrne* and *Troy & Falknor,* for appellant.

*T. P. Fisk,* for respondent.

RUDKIN, J.—The plaintiff is an owner of a tract of land in Mason county, in this state.  The defendant is the owner of a tract of land adjoining the land of the plaintiff on the north.  A certain stream, called "Dry Bed," flows in a southerly direction, immediately east of the land owned by the defendant, and through the land owned by the plaintiff.  The stream is practically dry during the summer months, but during the rainy season it flows a large volume of water, and brings down considerable quantities of drift wood, which forms in jams and spreads out over the adjacent lands.  Some time prior to the commencement of this action, the plaintiff placed a boom across the stream on his own land, at a point about three hundred feet below the defendant's land.  His ostensible purpose in constructing this boom was to intercept the drift at that point, so that the same could be removed and burned, thus preventing it from injuring the meadow land owned by the plaintiff at points lower down the stream.  The object the plaintiff may have had in view is only material in so far as it tends to explain his motives.

Prior to the commencement of this action, the defendant entered upon the land owned by the plaintiff, and destroyed the boom placed across the stream, and claims the right so to do, and threatens to continue to enter upon the plaintiff's

land and remove all obstructions placed in the stream, unless
enjoined from so doing. The defendant bases his right to
remove the obstructions on the ground that such obstructions
will cause the waters of the stream to back up and overflow
his land to his great damage and injury, that the acts of
the plaintiff in obstructing the stream constitute a nuisance
which he has the right to abate. The plaintiff brought this
action for an injunction to restrain the defendant from re-
moving the obstruction which he had placed in the stream.
The defendant in his answer justified his acts on the grounds
above stated, and filed a cross-complaint for an injunction
restraining the plaintiff from obstructing the stream in the
manner indicated. At the trial the court granted an injunc-
tion, as prayed by the plaintiff, and dismissed the cross-
complaint of the defendant. From this judgment the de-
fendant appeals.

The first assignment of error relates to the admission of
testimony tending to show the practicability of intercepting
and consuming the drift wood at the point in question. As
stated above, the object the respondent may have had in view,
and the practicability of his scheme, has no bearing upon
the merits of the case. The ultimate question for consider-
ation is, the effect, if any, which the obstruction of the stream
at this point will have upon the lands of the appellant. This
is an equity case, however, and all improper testimony will
be disregarded by this court.

The next contention is that the court should have dis-
missed the action because the controversy had ceased. The
basis of this contention is that the boom placed in the stream
by the respondent was carried out by high water between
the time of commencement of this action and the trial. This
particular boom was not the subject-matter of the contro-
versy. The respondent insisted upon his right to obstruct
the stream at a point on his own land, and the appellant
insisted on his right to enter upon the respondent's land and
remove the obstruction. This was the controversy between

the parties and this controversy remained, notwithstanding one obstruction placed in the stream may have been carried away by the floods. The motion was properly denied.

The next contention is that the stream is navigable, and that the appellant has the right to remove obstructions therefrom. It is a sufficient answer to this to say that no such question is suggested by the pleadings. Furthermore the stream has never been used for purposes of navigation, and is not now so used. Conceding that it is navigable, which we do not, the title to the shores and bed of the stream is in the respondent, subject to the right of navigation. The appellant only has the right to remove such obstructions as interfere with his rights of navigation, and there is no pretense that he was justified on that ground.

The main question in the case is, did the appellant show a sufficient justification for his acts. We are satisfied that he did not. The right of the appellant to abate a nuisance which is especially injurious to him is not denied; but,

"The person who abates a nuisance, either public or private, acts at his own peril. He takes upon himself by his act the risk of being able to show, on a proper action by the party whose interests are affected by the abatement, that the thing abated was a nuisance. It must be a nuisance actually existing at the time, and not one that has been discontinued or that is apprehended merely." 1 Am. & Eng. Ency. Law (2d ed.), 82.

It is not claimed that the obstruction constituted a nuisance at the time the appellant entered the close of the respondent and removed the same. The utmost that can be claimed in favor of the appellant is that there is a probability that the obstruction of the stream will, sooner or later, create a nuisance. For this reason the court properly enjoined the appellant from removing the obstructions placed in the stream on the respondent's land. For the same reason the court properly denied the prayer of the cross-complaint.

"Ordinarily an injunction will be granted when the act or thing threatened or apprehended is a nuisance *per se,* or

will necessarily become a nuisance, and will be denied when it may or may not become a nuisance, according to circumstances, or when the injury apprehended is doubtful, contingent, or eventual, merely." 21 Am. & Eng. Ency. Law (2d ed.), 704.

This case falls within the latter class. The apprehended damage is problematical to say the least. The results which may ultimately flow from the obstruction of the stream cannot, in the nature of things, be determined or adjudicated· at this time. The respondent, however, has no right to place obstructions in the stream which will cause the water to back up and overflow the land of the appellant to his injury, and should the obstruction which he proposes to place in the stream bring about such a result in the future, the appellant will have a right of action therefor, which should not be cut off on the record before us. For that reason the cross-complaint of the defendant should be dismissed without prejudice to a new action whenever his rights are invaded. The judgment appealed from is modified to that extent, and, as thus modified, the judgment is affirmed. The respondent will recover costs in this court.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.