# Gulf Coal and Coke Co. *v.* Alabama Coal and Coke Co.

### *Bill to Quiet Title to Mineral Interest.*

[DECIDED FEB. 7, 1906. 40 So. REP. 397.]

1.  *Mines and Minerals; Quieting Title.*—A bill in equity may be properly filed and maintained under Sec. 809, Code 1896, to quiet title to the mineral interest in land, by the owner of such interest.

2.  *Equity; Pleadings; Amendment; Departure.*—It is not a departure to a bill to quiet title to file an amendment seeking to estop respondent to deny that one through whom complainant claims title by mesne conveyances ever received by delivery a deed from his grantor.

3.  *Estoppel; Equitable Estoppel; Delivery of Deed.*—If a grantor in complainant's chain of title never in fact received a delivery of a deed from his grantor, such person had no title to the land; and the fact that respondents knew this, and knew that such person could make no valid conveyance, except to bona fide purchasers without notice, and took no steps to have

[Gulf Coal and Coke Co. v. Alabama Coal and Coke Co.]

the recorded deed to such persons annulled, worked no estoppel to respondents to deny the delivery of the deed; the respondents owing no duty to complainants or others to take such action, and it not being averred that respondents induced complainants or any one through whom complainants claim, to purchase the land.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

This is a bill filed by the Alabama Coal & Coke Company against the Gulf Coal & Coke Company, to quiet title to the mineral interest in certain lands named in the bill. The allegation and prayer of the bill are those required by the statute in such cases. By amendment to the bill it is alleged that on December 16th, 1882, one Odom was the owner in fee of the land and on said day executed to Tom Peters a deed to the lands; that the deed was duly acknowledged before a notary public, filed for record in the probate office of Walker county, and duly recorded on the 25th of January, 1883. 2nd, that defendant claimed title to the land by virtue of a deed by Odom to Musgrove Bros., and from Musgrove Bros., to the defendant both on a date subsequent to the date of the record of the deed from Odom to Peters. It is further alleged that Peters executed a deed to Samuel Noble to this land on May 15th, 1883, the said Samuel Nobles having no notice of any claim of non-delivery of the deed from Odom to Peters. It is further alleged that Nobles is dead and that in the year 1894, his executors filed a bill in the chancery court of Jefferson county against Joseph F. Johnston as the administrator of Thomas Peters to have the deed from Peters to Nobles declared a mortgage and the same foreclosed, that the relief was granted and the lands sold under the decree and that Taylor and Bush became the purchasers having no notice whatever at the time of any adverse claims of the property, or that there was any claim that the deed from Odom to Peters had never been delivered, and that complainants are purchasers from Taylor and Bush without notice; that the entire stock of the complainant company was sold by the original subscribers and those succeeding to their interest to the holders of the stock

of the company at the time the original bill in this case was filed, and for a valuable consideration, and without notice of any adverse claim or claim that the deed from Odom to Peters had not been delivered. It was further alleged that Musgrove Bros., had notice of the record of the deed from Odom to Peters before they contracted with Odom for the purchase of the land, and that their assignees are charged with the same notice. It is further alleged that on account of the record the defendant and Musgrove Bros., knew that Peters could make sale of said property to bona fide purchasers and obtain money therefor, and with full knowledge of this fact and of the record of said deed, took no action to have the same annulled, and that they are estopped to show the non-delivery of said deed as against these defendants. Motion was made to strike this last amendment which was overruled, whereupon the respondent filed demurrers setting up the repugnancy of the allegations of the bill as amended and the inconsistency of said allegations; that the amendment was a departure from the original bill, and other demurrers raising the question discussed in the opinion of the court.

W. C. Davis and A. F. Fite, for Appellant.—The amendment was a departure from the original bill, and it should have been stricken.—*Lehman v. Meyer*, 67 Ala. 403; *Micou v. Ashurst*, 55 Ala. 607; *Rives v. Walthall*, 38 Ala. 331; *Campbell v. Davis*, 85 Ala. 61.

On the question of demurrers and estoppel, the following authorities are cited.—*Hance v. Swackhammer*, 36 Atl. 494; *White Star Steamboat Co. v. Moragne*, 91 Ala. 610; *Campbell v. Larimore*, 84 Ala. 499; *Prutsman v. Baker*, 30 Wis. 644; *Shirley v. Ayers*, 14 Ohio 308; *Henry v. Carson*, 96 Ind. 412; *Ashford v. Pruett*, 102 Ala. 264; *Cook v. Brown*, 34 N. H. 460; *Wilson v. Wilson*, 138 Ill. 567; *Brown v. Brown*, 167 Ill. 31; *Tarwater v. Going*, 140 Ala. 275; *Fuller v. Hollis*, 57 Ala. 437; *Chipman v. Tucker*, 38 Wis. 43.

The bill cannot be maintained to quiet title to the mineral interest only.—*Heflin v. Bingham*, 56 Ala. 567; *Brooks v. Cook*, 141 Ala. 499; *Milliken v. Faulk*, 111

Ala. 660; *Inglis v. Freeman,* 137 Ala. 300; 19 Am. &
Eng. Ency. of Law, 1032.

SMITH & SMITH, for Appellee.—The bill can be main-
tained to quiet title to the mineral interest. The facts
stated in the bill sets up an estoppel against respondents
to deny the delivery of the deed from Odom to Peters.—
55 Ohio St. 274; 105 Ga. 555; 22 Minn. 417; 83 N. W.
420; 22 L. R. A. 255; *Woodruff v. Adair,* 131 Ala. 530.
The amendment was not a departure.—*Smith v. Gordon,*
136 Ala. 495.

TYSON, J.—The bill in this cause was filed under
section 809 et seq., of the Code of 1896 to quiet the title
to the coal and other minerals owned by complainant in,
under, and upon a certain tract of land. It contains all
the necessary statutory averments. The point is made
that the owner of coal and minerals in, under, and upon
land, with no title to the surface, cannot invoke the rem-
edy afforded by the statute. The language of the statute
pertinent to this point is this: "When any person is in
peaceable possession of lands, whether actual or con-
structive, claiming to own the same and his title there to
or to any part thereof is denied or disputed,    *    *    *
such person so in possession may bring and maintain a
suit in equity to settle the title to such land and to clear
up all doubt and disputes concerning the same." It is
admitted that the coal and other mineral are a part of
the land, but the contention seems to proceed upon the
theory that, because this interest does not comprise the
whole of the land, therefore it is not land within the
meaning of the word "lands" employed in the statute.
We think this a too narrow and technical construction.
The statute is a remedial one and should be liberally
construed. Whenever a person acquires such an interest
in land as is capable of being possessed peaceably, and it
is so possessed, we are of the opinion that the statute
affords the owner of such an interest a remedy to have its
title quieted.

The right of the owner to maintain such a bill was rec-
ognized in the case of *Smith v. Gordon,* 136 Ala. 495,
34 South, 838. If this be not true, the owner of the sur-

[Gulf Coal and Coke Co. v. Alabama Coal and Coke Co.]

face, after parting with the mineral interest, could not bring such a bill because he is not the owner of the whole of the land. And by analogy the owner of a life estate in lands would be denied .the benefit of the statute because he does not own the whole estate. The amendment to the bill was clearly not a departure.—*Smith v. Gordon, supra; Bledsoe v. Price,* 132 Ala. 621, 32 South. 325. This amendment seeks to estop the respondent from showing that the deed from Odom to Peters, from whom complainant derives his title by mesne conveyances, was never in fact delivered. It is not averred that the respondent in any wise induced the complainant, or any one of those through whom it claims, to purchase the lands. The ground of the estoppel sought to be enforced is rested solely upon the fact that respondent and its predecessors in title knowing that Peters could make sale of the property to bona fide purchasers and obtain the money therefor, and, with full knowledge that the deed to Peters was of record, took no action to have it annulled. If the deed was never delivered by Odom to Peters, then Peters acquired no title or estate in the land whatsoever.—*Tarwarter v. Going,* 140 Ala. 273, 37 South. 330; *Lyon v. Hardin,* 129 Ala. 643, 646, 29 South. 777; *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500; *Fisbie v. McCarty,* 1 Stew. & P. 56; *Goodlett v. Kelly,* 74 Ala. 213. Nor did Peters' grantee or any other person claiming under him acquire any title.— *Fitzpatrick v. Brigman,* and *Goodlett v. Kelly, supra;* 1 Tiedeman on Real Property, § 812, and cases cited in note 2.

The fact that complainant, or those through whom it claimed, did not know of the non-delivery of the deed by Odom to Peters is of no moment. They are not bona fide purchasers, and are therefore not entitled to protection on account of their want of knowledge or. notice of that fact, having acquired no title or estate under the conveyance to them to the lands.—*Shook v. Southern Bldg. & Loan Association,* 140 Ala. 575, 37 South. 409. This being the law, the respondents knew that Peters could not make sale of the property to bona fide purchasers, and therefore the equity upon which the predi-

[Campbell v. Noble.]

cate is laid in the amendment to the bill for an estoppel is wanting. And clearly the respondent was under no duty to take any action to have the deed to Peters annulled. If in possession, it may have done so in order to remove it as a cloud upon its title; but it owed the complainant no duty to do so, and failing in this regard does not work an estoppel against it and in favor of the complainant to now assert that the deed to Peters was void because never delivered. The demurrer interposed to this phase of the bill, as amended, was improperly overruled.

The decree appealed from will be reversed and one will be here entered sustaining the demurrer.

Reversed and rendered.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

