[No. 5892. Decided March 20, 1906.]

MARY O'BRIEN *et al., Respondents,* v. JOHN H. ALLEN *et al.,*
*Appellants.*[1]

JUDGMENT—RES JUDICATA—ACTION TO SET ASIDE A DEED—ISSUES
DETERMINED. In an action to set aside a deed, made in fraud of
creditors, and to subject the land to the lien of a certain judgment,
a decree adjudging the deed void and subjecting the land described
to the lien of such judgment merely describing the same for identi-
fication as being between certain parties for the sum of $1,327, and
costs, is not *res judicata* of the amount due upon such judgment,
when it appears that the question as to the amount due was not
within the issues in such action, although one of the findings of
fact, as signed, was to the effect that $200 had been paid on the
judgment since its rendition, and by another finding it was found
that $1,327 and costs were due; it further appearing that interlinea-
tions and erasures had been made in the findings, and the judgment
creditor not disputing in his testimony that in fact $200 had been
paid, and not credited.

EXECUTION—ISSUANCE AFTER PAYMENT OF JUDGMENT—SALE—TITLE
OF PURCHASER. A judgment creditor purchasing at a sale under an
alias execution issued after the judgment was fully paid acquires
no title.

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be predicated
on the admission in evidence of original papers and files in certain
actions, instead of certified copies, in that it would cast the additional
burden upon appellants of substituting certified copies to be attached
to a statement of facts, when by stipulation the originals were at-
tached to the statement of facts, thereby obviating such additional
expense.

ACTIONS — STIPULATION FOR COMPROMISE — DEFAULT — FURTHER
PROSECUTION OF ACTION—TENDER. A stipulation in a pending action
arranging a settlement thereof by the giving of certain notes, the
action to be dismissed upon final payment, does not preclude the
prosecution of the action upon default in payment of any of the
notes, where the stipulation provided that the trial should proceed
if any of the notes should not be paid when due, and that in such
case neither party could make any use of any provisions of the
stipulation; and a tender of the unpaid notes before the trial, with-
out repayment of the notes paid under the stipulation, is all that
could be required.

1Reported in 85 Pac. 8.

Appeal from a judgment of the superior court for King county, Bell, J., entered January 7, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Jay C. Allen,* for appellants.

*G. M. Emory,* for respondents.

CROW, J.—On January 8, 1895, John H. Allen, appellant herein, recovered a personal judgment in the superior court of King county, in cause No. 19171, against Joseph McCabe and Terence O'Brien, for $1,202 debt, $120.20 attorney's fee, and $23.80 costs. On January 7, 1895, Terence O'Brien and Ellen O'Brien, his wife, had conveyed to one James Manogue certain real estate in King county, including the real estate in dispute in this action. Thereafter said Allen, having issued an execution on his judgment, which was returned unsatisfied, commenced an action No. 19517, in the superior court of King county, to set aside said deed as having been made to hinder and delay the collection of his judgment. On October 10, 1895, findings of fact were made in said cause, upon which a decree was entered, adjudging said deed to be void as to said John H. Allen, and subjecting the property therein described to the lien of his judgment, which is described by the decree in the following language:

"That certain judgment heretofore on the 8th day of January, 1895, rendered in the above court in favor of the plaintiff John H. Allen against the defendant Terence O'Brien and one Joseph McCabe, for the sum of thirteen hundred and twenty-seven and 20-100 dollars, together with the costs of said action taxed at twenty-three and 80-100 dollars."

No other language is used in said decree to describe said judgment or to adjudicate the amount remaining due thereon. Defendants O'Brien and wife and James Manogue, claiming said original judgment was for a debt on which McCabe was principal and O'Brien surety, afterwards filed a petition in

said cause No. 19517, to modify the findings and decree therein, for the purpose of showing that the real estate conveyed to Manogue was the community property of O'Brien and wife, and not subject to the lien of said judgment. By this petition, which was denied, no question was raised as to the amount remaining due on said judgment. Afterwards John H. Allen issued an *alias* execution in cause No. 19171, and levied upon the real estate which had been subjected to his lien. All of said real estate was sold on January 10, 1896, to said John H. Allen, for the total sum of $1,310, the tracts involved in this suit selling separately for $110. The entries on the execution docket show that, after crediting said $1,310, proceeds of this sale, there remained on January 10, 1896, an unsatisfied deficiency judgment for $123.25, and no other payments appear on the execution docket. In January, 1897, James Manogue redeemed from said sheriff's sale the land in dispute herein, although John H. Allen denied his right to redeem and made a futile attempt to prevent the same by applying for a writ of mandate to compel the sheriff to execute and deliver a deed to him. The redemption money was received and appropriated by Allen, who afterwards procured a second *alias* execution to be issued on the deficiency judgment shown on the execution docket, and caused the sheriff to again sell the land which Manogue had redeemed. At this second sale Allen again purchased said real estate for the exact amount necessary to satisfy the second *alias* execution, and now claims title.

It is here claimed by respondents that early in May, 1895, O'Brien and McCabe paid to Allen on said judgment the sum of $300, which he neither credited nor caused to be entered upon the execution docket. Said payment, if made, was more than sufficient to have satisfied the deficiency judgment long before the second *alias* execution was issued. James Manogue died testate on January 14, 1897, leaving the respondents Francis Henry Manogue, Mary Manogue, and Eva

Marie Manogue, his minor children, as his only heirs at law and legatees. Respondent Mary O'Brien was shortly there-after appointed executrix of his last will and testament, and later was appointed guardian of his minor heirs. On April 11, 1898, the respondents, Mary O'Brien, as executrix of the last will and testament of James Manogue, deceased, and Francis Henry Manogue, Mary Manogue, and Eva Marie Manogue, by their guardian Mary O'Brien, instituted this action to quiet the title of the estate of James Manogue to the real estate which had been sold under said second *alias* execution. Respondents alleged that, after the entry of said original judgment in cause No. 19171, a payment of $200 was made on January 23, 1895, and a further payment of $100 on May 23, 1895, by said McCabe and O'Brien to said John H. Allen, which said Allen had received but neglected to have credited on the execution docket; that said first sheriff's sale was made January 10, 1896; that by such sale and the cash payments of $300, said judgment was more than fully satisfied; that after said Manogue had redeemed from said first sale, the said Allen caused said second *alias* execution to issue upon an apparent deficiency judgment shown by the execution docket, under which he again purchased said land, and now claims title; and that at the time of the commencement of this action said land was in the actual possession of no person whomsoever. Respondents prayed that their title might be quieted, and asked for other relief.

On May 23, 1900, and before any answer was filed, a written stipulation was entered into between respondents and appellants herein, which in substance provided, that this cause was compromised and settled upon condition that the appellants John H. Allen and Lucy A. Allen, his wife, should pay the respondents $400 in three months, $400 in six months, $400 in nine months, said sums to be evidenced by their promissory notes; that this cause should be stricken from the trial calendar, and in case said promissory notes were severally paid at maturity, the appellants should be en-

titled to a decree of dismissal without costs to either party; but in event of nonpayment of any of said notes, respondents might proceed with said cause as though the stipulation had never been made; that any admissions made in said stipulation or which might be inferred thereby should not be used upon any trial of this cause against either party. Only one of said notes was paid. Thereafter on April 4, 1904, no further payments being made, respondents noted this cause for further proceedings, and appellants thereupon answered, alleging that after the entry of the original judgment in said cause No. 19171, O'Brien and wife executed said deed to Manogue; that appellants instituted said cause No. 19517 to set the same aside; that on the trial thereof the court found the sum of $200 had been paid on said original judgment after its rendition, and further found the amount due thereon to be $1,327,20, and $23.80 costs; that thereafter the court by its decree in said cause No. 19517 directed said real estate to be subjected to appellants' lien for said amount; that O'Brien and wife and Manogue thereafter filed their petition to modify said judgment, which petition was denied, and that the amount of said judgment as found was not questioned in said petition, but had become *res adjudicata*. Appellants also pleaded the stipulation herein above mentioned, the delivery of three notes for $400 each to respondents, the payment of one note in full, and alleged that respondents had neither returned nor tendered to appellants the two notes which were unpaid and in default, and that by reason thereof they should be estopped from proceeding with this action.

The trial court made findings in favor of respondents, and refused those requested by appellants. From findings made it appeared that on January 28, 1895, Terence O'Brien paid to said John H. Allen the sum of $200, and on May 23, 1895, the further sum of $100 on account of said judgment, neither of which payments was credited on the records in said cause No. 19171. It was also found that, after said redemption had been made by said Manogue, and while said John H. Allen

still retained said payments aggregating $300, and after said judgment had been fully paid, he procured said second *alias* execution to be issued, and caused said lands to be sold; that he purchased the same for the sum of $155.05, and received a certificate of sale, and that he has ever since refused to rescognize the rights of respondents as successors in interest to said James Manogue. It was further found that, at the time of the commencement of this action, a notice of its pendency was filed in the office of the county auditor, and that the lands in dispute were then vacant, unoccupied and not in the possession of any person. Final judgment was entered in favor of the respondents, quieting their title, and this appeal has been taken.

Appellants first contend that the court erred in finding that any cash payments had been made on said judgment, and that by reason thereof said judgment had been fully satisfied before the issuance of the second *alias execution*. In support of this contention, appellants rely upon their plea of *res adjudicata*. They insist that the findings of fact and final decree in said cause No. 19517, which was brought to set aside said deed, constituted a final adjudication to the effect that the sum then remaining due on said judgment was $1,327.20, and $23.80 costs, and further contend that no parol evidence should have been admitted in this collateral proceeding to contradict such adjudication. The original findings of fact and decree filed and entered in said cause No. 19517, are now before us as a part of the statement of facts, and present a very peculiar appearance. The findings were evidently prepared and submitted to the trial judge, Honorable J. W. Langley, who appeared as a witness for respondents on the trial of this action. One finding, number three, had been prepared for the purpose of showing that the land was the community property of Terence O'Brien and wife. This finding has been stricken by a heavy waving line, drawn through it in ink. At the close of all the findings, which are typewritten, a few words written in ink are added. Judge

Langley testified that he thought the waving ink line erasing the third finding had been made by him, and testified that the added words and judge's signature were written by him in ink. The eleventh finding as originally drawn reads: "That since the rendition of said judgment there was paid on September 25, 1895, the sum of $200 thereon." Lead pencil marks have been drawn through this finding, striking it, but no ink erasure has been made. Judge Langley testified that he did not think he had made these pencil erasures, nor would he state that he had authorized them. The thirteenth finding as originally drawn read: "There is now due upon said judgment the sum of $——." Afterwards the blank was filled in with ink, so as to read "$1,327.20, and $23.80 costs." Judge Langley said this was not in his handwriting, and the evidence fails to show who did write it. The final decree makes no allusion to said payment of $200, nor, according to our construction, does it purport to adjudicate the amount due upon the original judgment. It simply describes the judgment in the words which we have above quoted in our statement of this case. Terence O'Brien and his attorney both testified that $300 had been paid to appellant Allen on account of the judgment. Several other witnesses stated that Allen, when a witness on the trial of cause No. 19517, admitted $300 had been paid him in cash upon this judgment. In his answer herein he alleges that the trial court in cause No. 19517 found $200 had been paid, and this is shown by the finding which has been erased by pencil. Although he appeared as a witness in his own behalf on the trial of this action, he refrained from giving any testimony whatever tending to show either that these payments had been made or had not been made. He relies entirely upon the record in said cause No. 19517. If there has been an adjudication therein finding the amount remaining due upon said judgment, it is binding upon the parties to this action.

We do not think such an adjudication has been shown, for

several reasons: (1) It was not within the issues in that action, which was not brought to determine the amount due, but only to set aside a deed; (2) although the findings may be somewhat inconsistent, we think, as originally signed by the trial judge, they found $200 had been paid; (3) the decree does not purport to adjudicate the amount due, but describes the original judgment, for the evident and sole purpose of identification. With the record in this condition, it was not error for the trial court to admit parol evidence showing said payments to have been made, there being no adjudication of that question. We hold the trial court was authorized to try this issue of fact, and that its findings that the payments were made are fully warranted by the evidence. This being true, the first sale made by the sheriff, together with such cash payments, fully satisfied the judgment, and at the time the second *alias* execution was issued, appellant had no judgment whatever against O'Brien and McCabe. Hence, he acquired no title under the second sheriff's sale. Freeman, Executions (3d ed.), § 19.

This not being an action to recover possession of real estate, but one to quiet title only, respondents alleged, and the trial court found, that at the time of its commencement said real estate was not in the possession of any person whomsoever. Appellants now contend that the court erred in making this finding and that the evidence warranted a finding, which should have been made, that appellants themselves were in possession and that the property was not vacant or unoccupied, and hence, under the authority of *Povah v. Lee,* 29 Wash. 108, 69 Pac. 639, this action should be dismissed. While there is a considerable conflict of testimony upon this issue, nevertheless we think the evidence before us is amply sufficient to sustain the finding made by the trial judge, who saw and heard the witnesses.

Appellants base a further assignment of error upon the action of the trial court in admitting as evidence certain

original papers and files in said causes No. 19171 and No. 19517. Appellants insist that certified copies should have been offered, as otherwise the party not presenting such evidence would, if compelled to appeal, have to assume the burden and expense of substituting certified copies to be attached to a statement of facts. By a stipulation subsequently made, the original files which were offered and admitted in evidence have been attached to the statement of facts, and transmitted to this court. Appellants, therefore, have incurred no additional trouble or expense, and it is unnecessary for us to pass upon this contention.

Appellants further contend that the written stipulation herein precludes the prosecution of this action. The stipulation provided that, if any of the notes given by appellants should not be paid when due, respondents might proceed with the trial in the same manner as though no stipulation had been made. This is all respondents have done. This action was already pending when the stipulation was made. Hence, the return of the notes could not be a condition precedent to its commencement. The undisputed evidence shows that respondents did tender the unpaid notes to appellants before the trial commenced, which is all that could be required of them; especially as the stipulation provided that neither party should make use of any of its provisions upon the trial. There is no merit in this contention now made by appellants.

We find no prejudicial error in the record. The judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.