[No. 6435.   Decided December 29, 1906.]

E. T. CUSHING *et al.*, *Respondents*, v. THE CITY OF SPOKANE,
*et al.*, *Appellants.*[1]

QUIETING TITLE—LIEN OF MUNICIPAL ASSESSMENTS—BAR OF STAT-
UTE OF LIMITATIONS—DECREE.  Where city assessments have been de-
clared barred by the statute of limitations, the owners of the prop-
erty are entitled to have their title quieted by a decree requiring the
city officers to enter cancellation of the liens on the records of the
city, not as though paid, but as cancelled by order of the court.

COSTS—ON APPEAL—DECISION—MODIFICATION OF JUDGMENT.  Where
appellants did not request of the trial court a modification of a de-
cree which might have been secured in the court below, they are not
entitled to costs on appeal upon an affirmance of the judgment with
such modification.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered June 8, 1906, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action to remove a cloud from
title.   Modified.

*J. M. Geraghty* and *Alex. M. Winston*, for appellants.

*E. H. Belden* and *W. C. Losey*, for respondents.

HADLEY, J.—This is an action to remove the cloud of cer-
tain street assessment liens, which were levied by the city of
Spokane.  It is alleged that the liens are barred by the statute
of limitations, and that the city and the defendant Eggleston,
its treasurer, refused to cancel the liens upon the assessment
books in the city treasurer's office, by reason of which a cloud
is cast upon the lots; that heretofore, in an action wherein
the city of Spokane was plaintiff and the plaintiffs herein, E.
T. Cushing and Mary S. Cushing, were defendants therein,

[1]Reported in 87 Pac. 1121.

the city sought to foreclose its liens for said assessments, but such proceedings were had that it was adjudged that the action was not commenced within the time limited by law, and it was declared that the real estate was released and discharged from all liens resulting from such assessment proceedings; that notwithstanding said judgment, the defendants refuse to discharge and cancel the liens of record, and that upon the books of the city treasurer they continue to set opposite the description of each lot the amount of said assessment against it, and thereby assert that it is a claim against the land. The complaint prays for judgment requiring the defendants to cancel the said assessment liens upon the assessment rolls and records of the city.

The answer admits the judgment aforesaid, and that, by reason of the failure of the city to bring suit within the time limited by law, it now has no right to bring suit to collect said assessments. It admits that the liens are barred, and avers that the defendants do not claim, or assert the fact to be, that the assessments are liens upon the lots. The following further averment appears in the answer:

"That said assessments never having been paid, these defendants have refused and do now refuse to make a false entry upon the books of the treasurer of the city of Spokane, to wit, that these defendants will not unless ordered to do so by this court, make an entry upon the books of the city that these assessments have been paid, whereas in truth and in fact said assessments have not been paid and were valid assessments, the lien and the right to enforce the same being barred by the statute of limitations and there being no other defect or invalidity of said assessments."

The cause was tried before the court without a jury, and resulted in a judgment declaring that the real estate is relieved from any liens by reason of said assessments, and also requiring the defendant Eggleston, city treasurer, within thirty days from the date of the judgment, to expunge from the city records, and cancel on the records in the office of the

city treasurer, said pretended liens.  From the judgment, the defendants have both appealed.

From the above statement the judgment, in its effect at least, is so manifestly correct it would seem that no argument here can any more clearly state the reasons supporting it. Admittedly the city has no liens against the property of respondents, and the latter are, therefore, entitled to have removed all that even in appearance may indicate the existence of liens or claims.  Appellants' chief objection seems to be to the form rather than to the substance of the judgment.  They object to making entries upon the city's books cancelling the l'ens of record, thus indicating that the assessments have been paid, when in fact they have not been paid.  It is true, the, bare record of cancellation without explanation might indicate payment, and perhaps in fairness to the city's officers, to prevent any appearance of misappropriation of funds, the explanation should accompany the record of cancellation. We therefore think appellants are entitled to have the judgment modified to that effect, to wit, that the judgment shall require cancellation to be entered of record, and the record of cancellation shall state that it is made by order of the court as set forth in this judgment.  The entry may be made in any appropriate words which will show that it is made because of the command of the court contained in the judgment, and the judgment should be appropriately identified. The judgment shall also provide that the cancellation shall be made within thirty days from the date the remittitur herein shall be filed in the superior court.  In all other respects, the judgment is affirmed.

Notwithstanding the modification here directed, we think appellants are not entitled to recover their costs on appeal, for the reason that they do not appear to have asked such a judgment below.  Doubtless the trial court would have entered such a judgment if it had been requested to do so.  The cause is therefore remanded with instructions to modify the

judgment in the particular indicated, and respondents shall recover their costs on this appeal.

MOUNT, C. J., ROOT, DUNBAR, and FULLERTON, JJ., concur.

RUDKIN and CROW, JJ., took no part.