# Oates *v*. Town of Headland.

### *Bill to Quiet Title.*

(Decided Feb. 15th, 1908.   45 So. Rep. 910.)

1. *Easement; Estate in Land; Statute.*—The use in the statute of the expressions "estate in lands" and "interest in lands," are broad enough to include an easement therein.

2. *Same; Definition.*—Although only an incorporeal right, an easement is an interest in lands created by grant, or agreement, express or implied, conferring on the owner thereof, the right to some profit, benefit, dominion over, or lawful use out of or from the estate of another.

3. *Quieting Title; Easement in Public Square.*—An easement acquired by dedication in a public square is such an interest in land as to bring it within the influence of Sec. 809-813, Code 1896.

4. *Same; Municipal Corporations; Authority to Bring Bill to Quiet Title to Public Squire.*—A municipal corporation has authority and is the proper party to bring a bill to quiet title of the general public in a public square, under sections 809-813, Code 1896.

APPEAL from Henry Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the town of Headland against W. S. Oates. From a decree in favor of complainant, defendant appeals.   Affirmed.

M. SOLLIE, and A. E. PACE, for appellant.   The detailed statement indulged in must be looked to to determine the equity of the bill rather than the form of statutory allegation.—*Smith v. Gordon,* 136 Ala. 498.   The allegations show that no more than a dedication at common

law, and therefore, no more than an easement or right of user has been granted, and this to the public and not to the complainant.—13 Cyc. Title Dedication. The purpose of the statute is to fix the status of the muniment of title to the land.—*Cheney v. Nathan,* 110 Ala. 254. To maintain the bill it requires that it should be under claim of ownership.—*Lyon v. Arndt,* 142 Ala. 486. If the decree of the court stands it remains a muniment of title for all time to come.—*Ward v. Janney,* 104 Ala. 122.

ESPY & FARMER, for appellee. On the facts alleged there can be no question as to the dedication of the public square to the town of Headland.—*Roberts v. Matthews,* 127 Ala. 528; *Douglass v. Montgomery,* 118 Ala. 607; *Avondale Land Co. v. Avondale,* 111 Ala. 527. The town has such an interest in the land as authorizes it to maintain this suit under section 809, Code 1896.—9 A. & E.m Ency. of Law, 21; 94 Am. Dec. 555; 10 A. & E. Ency. of Law, pp. 399 and 403; note 1; *Huyck v. Andrews,* 10 Am. St. Rep. 432; *Gulf Coal & Coke Co. v. Alabama Coal & Coke Co.,* 145 Ala. 231. The town is the proper person to enforce the right.—Authorities supra.

DENSON, J.—This appeal is prosecuted from a decree overruling a motion to dismiss the bill for the want of equity. The bill is filed by the town of Headland, under sections 809-813 of chapter 13 of the Code of 1896, to settle the title to a lot of land known as the "Public Square," in said town. It is conceded that the bill contains all the averments prescribed by the statute; but it is contended that, as the bill shows the complainant's title was acquired by dedication, the extent of its interest in the Public Square is that of an easement—the right

of user—and that this right inheres in the public and
does not belong to the complainant as a municipal cor-
poration.   It is argued from this that such an easement
does not involve the idea of ownership, and that, the pur-
pose of the statute being to "fix the status of land in re-
spect of ownership, to re-establish, by the decree of the
court, muniments of title to it," (*Cheney v. Nathan*, 110
Ala. 254, 20 South. 99, 55 Am. St. Rep. 26), the claim
put forth by complainant does not come within the pur-
view of the statute, and for these reasons the bill is with-
out equity.

The statute gives the right to file a bill to settle title
to any one in peaceable possession of lands, claiming to
own the same.   The easement set forth in this bill is a
public one.   "An easement, although only an incorporeal
right,   *   *   *   is yet properly denominated an interest
in the land,   *   *   *   and the expression 'estate or inter-
est in lands' is broad enough to include such rights; for
an easement must be an interest in or over the soil."—
14 Cyc. 1139, notes 6 and 7.   In *Huyck v. Andrews*, 113
N. Y. 81, 20 N. E. 581, 3 L. R. A. 789, 10 Am. St. Rep.
432, it is said:   "An easement is an interest in land
created by grant or agreement, expressed or implied, con-
ferring a right upon the owner thereof to some profit,
benefit, dominion, or lawful use out of or from the estate
of another."   It cannot be denied, and is not denied, that
the averments of the bill show a complete common-law
dedication of the square to the public use.—*Avondale
Land Co. v. Avondale*, 111 Ala. 527, 21 South. 318.   The
effect of the dedication is that the owner holds the tech-
nical legal fee for the donated use as long as that use
continues (13 Cyc. 486, B), and the use may continue as
long as the town continues in existence.   It would seem
from this that the easement is an interest in the land;

[City of Bessemer v. Carroll.]

capable of possession, and the averments of the bill show the town to be in possession; and, as was said in the case of *Gulf Coal & Coke Co. v. Alabama Coal & Coke Co.,* 145 Ala. 228, 40 South. 397 (speaking of the statute under consideration) : "Whenever a person acquires such an interest in land as is capable of being possessed peaceably, and it is so possessed, we are of the opinion that the statute affords the owner of such an interest a remedy to have its title quieted."

· Without further elaboration, we are clear in our opinion that the interest shown by the bill is such a one as falls within the protection afforded by the statute. We entertain no doubt that the municipality has the authority, and is the proper party, to maintain the bill for the purpose of preserving the rights of the general public in the Public Square.—*City v. Demopolis v. Webb,* 87 Ala. 659, 6 South. 408; *People v. Holloday,* 93 Cal. 241, 29 Pac. 54, 27 Am. St. Rep. 186.

The decree of the chancelor is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, ANDERSON, and McCLELLAN, JJ., concur.