[No. 11512.  Department One.  December 31, 1913.]

## J. J. HUMPHREY et al., Appellants, v. HARRY KRUTZ et al., Respondents.[1]

DEDICATION—BY PAROL—WHAT CONSTITUTES. There is a parol dedication of an alley where the owner of a block divided it by fencing off each side, leaving an alley uninclosed connecting two public streets, and then sold all the property abutting on both sides of the alley, which was continuously used with his consent and approval for ten years.

SAME—DEDICATION—BY PAROL PROOF. A parol dedication rests in intention and may be proven by parol.

MUNICIPAL CORPORATIONS— ALLEYS — ESTABLISHMENT — PRESCRIPTION. An open, continuous, adverse user by the public for a period of twenty years or more, of an alley fenced off by the owner through a block connecting two public streets, makes the same a public alley by prescription.

SAME — ALLEYS — OBSTRUCTION — RIGHTS OF ABUTTERS. Abutting owners have such an interest in an alley that they may maintain an action to enjoin its threatened obstruction.

SAME — ALLEYS — THREATENED OBSTRUCTION — ACTIONS — ISSUES. Where an answer in an action to enjoin the obstruction of an alley admits that defendants claim title in fee simple and intend to exclude the plaintiffs therefrom, the testimony of a defendant who had not forbidden its public use does not change the issues or show that its obstruction was not threatened.

DEDICATION—ALLEYS — ESTOPPEL — PAYMENT OF TAXES. The payment of taxes and assessments upon a strip of land dedicated as a public alley does not estop the city or abutters from asserting its public character.

QUIETING TITLE—EASEMENTS—PARTIES—ABUTTERS. Abutting owners may maintain an action to quiet title to an easement in an alley and to the fee which they hold subject to the easement.

EASEMENTS—NATURE. An easement, although an incorporeal right, is an interest in land.

Appeal from a judgment of the superior court for King county, Alston, J., entered July 18, 1913, dismissing, on the merits, an action for an injunction, after a trial to the court. Reversed.

[1]Reported in 137 Pac. 806.

*Peterson & Macbride* and *John S. Jurey,* for appellants.

*Jay C. Allen,* for respondents.

GOSE, J.—This action is prosecuted by abutting owners, to enjoin a threatened obstruction of an alleged alley in the city of Seattle, and for general relief. The strip of land in controversy is ten feet wide, and extends from Weller street south a distance of 240 feet, to Lane street. Its west line is 80 feet east of the east line of Seventh avenue. The strip lies within the heavy black lines shown upon the annexed map. A strip of land 30 feet in width lies between the alleged alley and an alley regularly dedicated which extends through the center of the block.

The complaint alleges that the defendants Krutz claim a fee simple title to the strip of land, and that they "propose to appropriate said ten-foot strip for their own private use and benefit, and to exclude plaintiffs wholly therefrom." The

defendants Krutz in their answer "admit that they own and claim to own said ten-foot strip, and that they claim and do assert title thereof in fee simple, and that they propose and will exclude the plaintiffs wholly therefrom." The defendant city in its answer alleges that it claims the land "to be a public alley," and prays that the action be dismissed. At the close of all the evidence, a judgment was entered dismissing the action.

The appeal presents two questions: (1) Does the evidence show that the strip of land in controversy is an alley either (a) by parol dedication, or (b) by prescription? and (2) can the appellants, as abutting owners, upon the facts shown, maintain the action?

In respect to the first question, the trial judge, in passing upon the case, said that, if he were passing upon the merits, he would find that the strip in controversy is a public high-way "by virtue of the fact that it was fenced off by Turner, the original owner thereof, leaving a passageway connecting two public streets, and by reason of the fact that it was used continuously, by people having business with the owners of property abutting thereon, for more than ten years, this ownership being open and exclusive under an apparent right." We are in hearty accord with these views. The evidence shows that, in 1888, one Turner and wife, who then owned the entire block, fenced all of the west side of the block up to the west side of the alley in controversy, in one tract, and the thirty-foot strip east of it in another tract, leaving the land in controversy uninclosed. They then sold all the prop-erty abutting upon both sides of the strip in controversy by metes and bounds, retaining the legal title to the ten-foot strip. After the death of Turner, and in October, 1905, the widow conveyed the legal title to the ten-foot strip to respond-ent Harry Krutz, by a quitclaim deed. From 1888 until the regrade of connecting streets in 1909, the strip was used con-tinuously as a public highway, and the end adjoining Weller·

street is still so used. The connection at Lane street makes the use of that end of the alley at present impracticable.

Whether the strip of land was used with the consent of the Turners, the legal owners, or in hostility to the title of the legal owners, the result is the same. If used with their consent and approval, there was a parol dedication to the public. If used without their consent, a prescriptive right is clearly established.

An owner of real property may dedicate it, or an easement in or over it, to a public use. The fact of dedication is a question of intention, and where the dedication rests in parol, it is provable by parol testimony. *Seattle v. Hill*, 23 Wash. 92, 62 Pac. 446; *Lueders v. Tenino*, 49 Wash. 521, 95 Pac. 1089; *Roundtree v. Hutchinson*, 57 Wash. 414, 107 Pac. 345, 27 L. R. A. (N. S.) 875. An offer of dedication may be accepted by a public user. 13 Cyc. 465.

If there was no intention to dedicate the land to a public use, there was an open, notorious, continuous, and adverse user by the public for a period of twenty years or more.

The trial court dismissed the action because there had been no actual and, in his opinion, no threatened obstruction of the alley. Entertaining this view, he expressed the opinion that abutting owners could not maintain the action. In this, we think he was in error. The complaint alleges, as we have seen, that the respondents Krutz "propose . . . to exclude" the appellants from using the alley. They answered that "they propose and will exclude" the appellants from using it. This is obviously a threatened interference with the rights of the appellants. The fee of streets and alleys is in the abutting owners, except in rare instances not present in this case. *Rowe v. James*, 71 Wash. 267, 128 Pac. 539; *Gifford v. Horton*, 54 Wash. 595, 103 Pac. 988; *Norton v. Gross*, 52 Wash. 341, 100 Pac. 734. An abutting owner has two distinct kinds of rights in a street; the public one which he enjoys in common with all citizens, and private rights which arise from his ownership of contiguous property. 28 Cyc. 856.

" 'Ordinarily an injunction will be granted when the act or thing threatened or apprehended is a nuisance *per se*, or will necessarily become a nuisance, or will be denied when it may or may not become a nuisance, according to circumstances, or when the injury apprehended is doubtful, contingent, or eventual, merely.' 21 Am. & Eng. Ency. Law (2d ed.), 704." *Winsor v. Hanson*, 40 Wash. 423, 82 Pac. 710.

A remote danger will not suffice. It must be threatened and probable. 28 Cyc. 902-3. We have uniformly held that an abutting owner may maintain an action to enjoin an actual or threatened obstruction of the highway. *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797; *Sweeney v. Seattle*, 57 Wash. 678, 107 Pac. 843. In *Brazell v. Seattle*, it was held that abutting owners had such a special interest in a street that they could enjoin the city from carrying out a void ordinance directing its vacation. In *Smith v. Centralia*, abutting owners were permitted to prosecute a suit to set aside a purported vacation of a street, based upon an illegal ordinance.

The respondent Harry Krutz testified that he claimed title to the alley, that he had never forbidden its use as a public way, and that "I had no idea of doing anything except what my rights are legally." It is upon this testimony that the respondents contend that the closing of the alley is contingent and remote, and hence that the cause of action fails. This testimony was given at the close of the trial. An issue had been joined in which the respondents asserted an intention to exclude the appellants from using the alley. The evidence had then conclusively established the status of the strip of land as a public alley. The respondents could not then change the issues and deprive the appellants of their right to have the issues determined upon the testimony. The respondents could have frankly disclaimed title to the alley, but this they failed to do.

The fact that the respondents Krutz paid certain taxes and assessments upon the strip of land, while showing their good faith, does not estop either the city or the appellants from

asserting its public character. *Seattle v. Hinckley*, 67 Wash. 273, 121 Pac. 444.

There is another phase of the question upon which the appellants must prevail. As abutting owners, they may prosecute a suit to quiet title to an easement in the alley, and to the fee which they hold subject to the easement. *Davidson v. Nicholson*, 59 Ind. 411; *Standart v. Round Valley Water Co.*, 77 Cal. 399, 19 Pac. 689; *Oates v. Town of Headland*, 154 Ala. 503, 45 South. 910; 32 Cyc. 1308; 37 Cyc. 206, 208; Rem. & Bal. Code, § 809 (P. C. 81 § 1369); *Povah v. Lee*, 29 Wash. 108, 69 Pac. 639; *Cushing v. Spokane*, 45 Wash. 193, 87 Pac. 1121, 122 Am. St. 890; *Vietzen v. Otis*, 46 Wash. 402, 90 Pac. 264; *Crowley v. Byrne*, 71 Wash. 444, 129 Pac. 113.

In *Davidson v. Nicholson*, it was held that the plaintiff could quiet his right to an easement of a right of way across the defendant's land. In *Standart v. Round Valley Water Co.*, it was held that the plaintiff could quiet his title in water and in the pipe line through which it was conveyed to his quartz mill.

"The jurisdiction in actions to quiet title or remove cloud does not rest on arbitrary rules; much depends on the facts of the particular case, and in the exercise of the jurisdiction the court is clothed with a large discretion." 32 Cyc. 1308d.

In *Povah v. Lee, supra*, in considering the statutes of the state pertaining to actions to quiet title, this court said:

"These statutes were intended to, and do, we think, provide a remedy for every claimant of real property, no matter what may be the nature of the relief required."

An easement, although an incorporeal right, is an interest in land. *Oates v. Town of Headland, supra; Pacific Yacht Club v. Sausalito Bay Water Co.*, 98 Cal. 487, 33 Pac. 322; 14 Cyc. 1139.

The judgment is reversed, with directions to enter a decree in harmony with the prayer of the bill.

Crow, C. J., Ellis, Chadwick, and Main, JJ., concur.