## COMM'RS OF COFFEY COUNTY v. GEORGE W. VENARD.

ROADS AND HIGHWAY; *Vacating; Liability of County.* Where the county commissioners of a county vacate a county road the county is not liable in damages to any person for losses or injuries sustained in consequence thereof.

### *Error from Lyon District Court.*

ON the 22d of May 1871, a petition was duly presented to the *Board of County Commissioners of the County of Coffey*, signed by the requisite number of qualified petitioners, praying that a certain portion of a county road, as established by the final order of the county board on the 8th of October 1867, be vacated. This petition was duly acted upon, due notice of hearing given, viewers duly appointed, the road duly viewed and reported upon, and at a regular session of said county board, held July 5th, 1871, among other proceedings in relation thereto the record presents the following:

"And the said board being satisfied that the granting of said petition, and the vacation of the certain part of the road as prayed for in said petition, will inure to the public good, and that said vacation, as recommended by said viewers, will

be of public utility, *it is ordered and directed*, that said report, survey, and plat, be duly recorded; and it is further ordered, considered, and adjudged, that from this time henceforth the said particular part of said road, as described in said petition, and referred to in said report, be and the same is hereby vacated."

After the making and entry of said order, *George W. Venard*, claiming to be damaged by reason of the vacating of said road made and presented to the county board a claim "for damages done to the following described tracts of land, (owned by said *Venard*,) by vacating of county road," etc., (describing the part of road vacated, and specifying his particular tracts of land.) The damages so claimed were $1,000. The county board disallowed the claim, and *Venard* appealed to the district court. The cause was transferred to Lyon county for trial, and was there tried at the January Term 1872. Verdict and judgment in favor·of *Venard* for $975. New trial refused, and the *Board of Comm'rs of Coffey Co.* bring the case here by petition in error for review.*

*A. M. F. Randolph*, for plaintiffs in error:

1. To entitle the defendant in error to recover compensation for the vacation of said part of said road, there must be not only a peculiar loss to him, but it must have been injuriously brought about by a violation of some legal right of his in the four chains and seventy links of· road vacated. The

[* As showing the particular interests involved in, and which attached to·this case, rather than as bearing upon the question decided by the court, the following paragraph· from the printed brief of plaintiffs in error, is here given:

"It is admitted in this case that the said lands of the said George W. Venard are situated wholly on the east side of the center of the Neosho river; that the city of Burlington is on the west side of said river; that the case of *Venard v. Cross*, 8 Kas., 248, involves the same road as the road in this case, a part of which was vacated as aforesaid; and that the said *Cross* was the principal petitioner for the vacation of said part of said road; and that he is one of the owners of the mill-dam by reason of which the ford and road in question have been flooded. It is also admitted that ,there have been three attempts, before the present one, before the county commissioners of Coffey county to vacate the road in controversy, and that a petition signed by three or four hundred persons in Burlington and vicinity was sent to the Legislature at its session of 1871 to vacate said road, and that several bills were introduced into that body at that session for that purpose." The length of the road so vacated by the county board was only "four chains and seventy links" in length, and was that part which crossed and was within the Neosho river.]

law gives him no compensation for loss unless it be coupled with legal injury. If, by the action of the plaintiffs in error, there has been an infringement of a legal right of the defendant in error, unattended by any positive injury differing in kind from that which is common to others, it furnishes no ground for other than nominal damages. Sedg. on Dam., 27, 121; Broom's Leg. Max., 196, 198; Cooley's Const. Lim., 384, 542; Smith's Lead. Cases, 447.

The general rule that no one has a vested right to be protected against remote or consequential injuries, resulting from a proper exercise of rights by others, is peculiarly applicable to injuries arising from the exercise of public powers. The construction of a new way, or the discontinuance of an old one, may very seriously affect the value of adjacent property. The removal of a state capital, or of a county-seat, will often reduce very largely the value of all the real estate of the place from whence it was removed; but in neither case can the parties whose interests would be injuriously affected, enjoin the act, or claim compensation from the public. True, certain of the earlier Indiana cases (since overruled,) and notably certain Ohio cases, have recognized the doctrine that the right of the owner of adjoining land to the use of the highway in an appendant easement, which is as much property as the land itself, and that if it be invaded or injured, even though done by persons acting within the scope of their authority, he is entitled to compensation. 15 Ohio, 474; 18 Ohio, 229; 7 O. St., 459; 14 O. St., 523. These cases admit that a party whose interests are injured by the original establishment of a street grade, can have no claim to compensation; but they hold that when the grade is once established, and lots are improved in reference to it, the corporation has no right to change the grade afterwards, except on payment of the damages. But if the supreme court of Ohio intended to hold in the above cases that persons, whether artificial or natural, are answerable for the damages which may result to an adjoining land-owner from the grading of a street, though the act was done under ample authority and in a

proper manner, it is a doctrine in direct conflict with most English and American decisions: 4 T. R., 794; 2 Barn. & Cress., 703; 4 N. Y., 195; 17 Wend., 649; 1 Denio, 595; 2 Hill, 466; 29 Ill., 279; 1 Grant, 208; 9 Watts, 382; 29 Penn. St., 391; 1 Pick., 417; 23 Ind., 381; 4 G. Greene, 47; 29 Conn., 523; 17 N. H., 477; 20 Howard, 135; 6 Wheaton, 703. We submit that by the discontinuance of said part of said county road, no legal right of the defendant in error has been infringed, and that if any discoverable damage has been done thereby, it is to him, *damnum absque injuria*. Even though the obstruction of the highway at the place is to be regarded as a public nuisance, yet we submit that the defendant in error has not shown that he has sustained an injury therefrom, differing in kind from that sustained by the community in general, in order that he may maintain an action therefor.

*Ruggles & Plumb*, for defendant in error:

1. Plaintiffs in error claim that the vacation of said highway by the board of county commissioners is, as to Venard, a damage for which no action will lie. Venard was entitled to claim damages under the road law: ch. 89, § 5, Gen. Stat., 899. The record shows that he made claim as therein provided. To give the said § 5 any other construction than that it applies as well to damages occasioned by the vacation of a road as to damages occasioned by the opening of a road, would be to say that it is in the power of a board of county commissioners to vacate a road, no matter how necessary it may be to a citizen, and he has no redress. This cannot be the law. The right of appeal is given to the party who feels himself aggrieved, (Gen. Stat., ch. 89, § 7; ch. 25, § 30,) which provision the defendant duly availed himself of.

2. But Venard's interest in said highway does differ in kind and degree from that of other citizens or the public generally. It may have been (and it was in point of fact, as shown by the record) that the road in question was the sole means of ingress and egress to the premises of the defendant

to his lands. Where such an interest exists the private citizen may maintain his action to protect his individual interests, even though the matter in dispute may affect the public generally: 18 N. Y., 155; 23 N. Y., 317; 5 Kas., 518. And particularly see *Venard v. Cross*, 8 Kas., 248, where this identical road is considered, and where it was determined that Venard, having a different interest from that of the public at large might maintain his action for an obstruction of this highway.

3. The equities of this case strongly commend it to the court. The defendant has sought to rid himself of this dam incubus by resorting to all the means in his power, (*Venard v. Cross*, 8 Kas., 248.) And after getting a decision in his favor in the above case, he is met in the court below by an order of the board of county commissioners vacating the road, which the evidence shows was and is his only means of egress and ingress to his land; and then is sought to be deprived of all pecuniary redress for his injuries. The evidence in the case shows that the defendant in error was actually damaged to the full amount of the judgment.

The opinion of the court was delivered by

VALENTINE, J.: The main question in this case, and the only one which we think it is necessary to consider, is, whether a county, when the commissioners thereof vacate a county road, is liable in damages to any person who may sustain some loss in consequence thereof. We think a county is not so liable. There is no statute that makes it liable, and we know of no principle of the common law that would create such liability. The county through its officers has an undoubted legal right to vacate county roads. (Ch. 89, Gen. Stat., 897, et seq.) And neither the county nor its officers commit any wrong by so doing; nor do they take any person's property; and therefore, if any consequential loss results to any individual it must be *damnum absque injuria*. Nor can it make any difference that the party claiming damages has some interest in the road different from that of the public in

general. It requires more than a peculiar interest in a thing to entitle a party to maintain an action. It requires that the party against whom the action is prosecuted should have committed, or is about to commit some wrong. This, neither the county nor its officers have done. Of course it is not claimed in this action that any of the claimant's private property has been taken. The vacation of a road does not take any person's private property. It leaves the property of individuals just as though no road had ever been established. If a party owns the land over which the road runs, his rights and privileges are increased by the vacation of the road, instead of being diminished. If he does not own the land over which it runs then of course no property of his can be taken from him. Nor can it be claimed that the claimant in this case, or any other person, has any vested right or interest in the road as a road. Because it has once been to the interest of the public to open up and travel on a particular road is no reason that the public should forever afterward be compelled to travel on such road, and pay the expenses of keeping it in repair, or else pay all damages that might result to individuals by reason of its vacation. The public are not bound to keep up unnecessary roads. A county road differs very much from a public park, or other public grounds in a city, which have been dedicated to the public by the original proprietors of the city. But even with respect to a public park, or public grounds in a city, it is not supposed that the public is bound to occupy and use them as intended by the original proprietors, or else pay damages to individuals for not using them. It is supposed that the public may wholly abandon their use, where it is not for the interest of the public to use them, and without creating any liability on the part of the public. But turning our attention to this particular case we think the claimant might search in vain through all the books for a precedent to sustain his action. The judgment of the court below is reversed and cause remanded for further proceedings.

All the Justices concurring.