[No. 181. Decided June 22, 1891.]

WILLIAM JOHNSON AND C. F. MILLER v. W. M. MAXWELL.

NUISANCE — ABATEMENT — EQUITY — PLEADING — APPEAL — MOTION FOR NEW TRIAL.

Under Code 1881, ¿ 450, the supreme court may review and reverse on appeal any judgment of the superior court, although no motion for a new trial was made in such court.

Under Code 1881, ¿ 103, providing that every material allegation of new matter in the answer not controverted by the reply shall, for the purpose of the action, be taken as true, it is error for the trial court to treat affirmative matter in the answer as denied, and permit testimony to be given accordingly.

The obstructing of a public road by building a fence therein is a nuisance which may be abated by any person injuriously affected thereby, provided it be done without committing a breach of the peace, or doing unnecessary injury.

Where plaintiff, in violation of law, places and maintains his fence upon a public highway, a court of equity will not grant him relief by injunction against parties destroying or threatening to destroy such fence.

*Appeal from Superior Court, King County.*

The facts are fully stated in the opinion.

*Howe & Corson,* for appellants.

*McClure & Wheeler,* and *Lewis & Gilman,* for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—Appellee moves the court to dismiss this appeal and to affirm the judgment of the court below for the reason that no motion was made for a new trial, and there appears no order, judgment or decision made appealable to this court. No argument was made in support of the motion, and no authorities cited; but our attention is called to §§ 446 and 449 of the code, as sustaining the contention of appellee. These sections are not appli-

cable to this case. This appeal is from a final decree in the cause, and § 450 of the code provides that the supreme conrt may review and reverse, on appeal, any judgment of the lower court, although no motion for a new trial was made in such court. The motion to dismiss must therefore be denied.

This action was brought by appellee, who was plaintiff below, to perpetually restrain and enjoin appellants from entering upon plaintiff's land for the purpose of grading and constructing any road or roads thereon, and from tearing down or removing any part of plaintiff's fences on said land. The defendants in their answer admitted that they went upon the land described in the complaint, removed plaintiff's fence, and did some grading for the purpose of making a roadway thereon, but alleged by way of avoidance that the *locus in quo* was a public road, and that the acts complained of were done wholly within the limits thereof; that before grading said road or removing the fence, they requested plaintiff to remove the said fence, which he refused to do; that they were accustomed to pass along said public road, and that it constituted their only convenience for traveling to and from defendant Johnson's farm to Maple Valley, and that the said fence so obstructed the said public road that the defendants could not pass along the same. No reply was filed by plaintiff to the affirmative allegations of the answer, and on the trial counsel for defendants claimed that those allegations were thereby admitted to be true. The court ruled otherwise, and treated the affirmative matter as denied, and permitted testimony to be given accordingly. This was in direct contravention of § 103 of the code, which provides that every material allegation of new matter in the answer, not controverted by the reply, shall, for the purpose of the action, be taken as true, and was error.

After hearing the testimony in the cause, the court made

its findings of fact and conclusions of law, and thereupon
rendered a decree in favor of plaintiff, perpetually enjoin-
ing and restraining the defendants, and each of them, and
each of their servants, agents and employés, from tearing
down, removing or in any wise interfering· with or molest-
ing the fence of plaintiff along the public road leading from
the farm of defendant William Johnson to Maple Valley,
King county, Washington, unless' they shall be thereunto
authorized by the board of county commissioners of said
King county, and that in the mean time the plaintiff
straighten the fence in accordance with the findings of the
court, and that plaintiff have and recover from the defend-
ants his costs and disbursements taxed at one hundred.and
four and 95-100 dollars. The defendants appealed, and
the cause is now here for trial *de novo.*

The trial court found in substance, as facts, from the
evidence, that the road in controversy was a public road
leading from the farm of appellant Johnson, on the south
of appellee's land, to the town of Maple Valley on the
north, and that it was located by order of the board of
county commissioners of King county, and was and is thirty
feet in width; that the plaintiff encroached upon said road
for the distance of thirty-two rods along the west side
thereof, by placing his fence thereon, but that the encroach-
ment upon the said road by plaintiff's said fence did not
hinder, impede or delay travel upon said road, nor render
the same less convenient for public use; and that on the
27th day of August, 1890, the defendants tore down and
removed plaintiff's fence for the distance of thirty-two rods
where it encroached upon the west side of said road, and
that the defendants have threatened to continue to tear
down said fence, and that plaintiff has good reason to fear
that they will do so.

Appellants contend that the fence in question encum-
bered, tended to obstruct and did obstruct a public road,

and was, therefore, a public nuisance both by statute and the common law, and that they were specially inconvenienced and damaged thereby, and that they therefore had a right to remove it, after the plaintiff had himself refused to do so. We think the position well taken. Our statute makes the doing of an act which unlawfully interferes with, obstructs or tends to obstruct any public street or highway, a nuisance. See code, § 1235. And it is especially declared that the obstructing or encumbering by fences, buildings, or otherwise, the public highways, private ways, streets or alleys, are nuisances, and that any person may abate a public nuisance which is especially injurious to him by removing, or, if necessary, destroying the thing which constitutes the same, without committing a breach of the peace, or doing unnecessary injury. See code, §§ 1245, 1246.

While this road is a public highway, it seems that it was established according to law primarily for the benefit and at the expense of appellant Johnson, whose land was so situated that it had no connection with any county road. Miller was a tenant of Johnson, and resided on his farm; and, from the circumstances of their situation, they both had an interest in the road different from that of the general public. It was their only means of ingress to, or egress from, their place of residence, and any encumbrance or obstruction thereon which interfered with their free passage along the same in any manner which their business might require, worked a special inconvenience and damage to them.

We think it is abundantly shown by the evidence that appellee's fence was situated within the limits of the road, and that at one point, at least, it extended up to, if not beyond, the center of the highway, and that at that particular place but a few feet of space intervened between the fence and the sloping bank of a creek, along which appel-

lants, in going to and from their place of residence, were compelled to travel, or to go into the bed of the stream, by reason of the location of the fence, and that it was difficult, if not impossible, to pass along that portion of the way with wagons carrying ordinary loads.   Johnson testified that he was unable to haul lumber over the road, as it then was, to fix his house, and was compelled to remove the fence in order to do so.   If that is true, and it does not appear to be successfully contradicted, the obstruction was certainly injurious to him, and he was justified in abating it "without committing a breach of the peace, or doing unnecessary injury."   If appellants thereby did unnecessary injury, they are liable therefor in damages.   Whether unnecessary injury was done to appellee's property by the acts of appellants, is a question which we are not now called upon to decide; nor do we deem it important in this action.

In no view of this case, as it appears to us, can the judgment of the lower court be sustained.   Appellee, in violation of law, placed and maintained his fence upon a public highway, every portion of which appellants, and the public generally, had a right to use for the purposes of travel.   He replaced the fence after it was removed.   It was in the highway at the time of the trial, and for aught we know he still maintains it there, straightened though it may be, at one point, by order of the court.   It is not the province of a court of equity to protect an individual in the violation of law, and it will be time enough for appellee to receive its aid when he ceases to be a wrong-doer himself.

The judgment of the court below is reversed, and the cause remanded, with directions to dismiss the complaint.

DUNBAR, SCOTT, HOYT, and STILES, JJ., concur.