[No. 5887. Decided December 28, 1905.]

CHARLES C. RAPP *et al., Respondents,* v̇. LOUIS B. STRATTON, *Appellant.*[1]

MUNICIPAL CORPORATIONS — VACATION OF STREETS — NOTICE — COMPLIANCE WITH STATUTE. Under 1 Hill's Code, §§ 749, 752, providing for the vacation of streets and alleys and requiring certain notice to be given, a record of the city council showing the receipt of a petition for the vacation of an alley, that the committee on streets reported favorably, and that the petition was granted, is insufficient to show a legal vacation, or to raise the presumption that the required notice was given, as such proceeding was only preliminary.

SAME—PETITION—ESTOPPEL. One who petitions for the vacation of an alley, which is denied, is estopped from asserting that the same was vacated at some prior time.

ADVERSE POSSESSION—OF CITY STREETS. Title to an alley held by a city for public purposes cannot be acquired by adverse possession.

Appeal from a judgment of the superior court for Spokane county, Linn, J., entered September 6, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, enjoining the obstruction of an alley. Affirmed.

*Hamblen, Lund & Gilbert,* for appellant.
*Joseph B. Lindsley,* for respondents.

DUNBAR, J.—Plaintiffs brought this action alleging ownership of property in block 20, of Stratton's addition to Spokane; that an alley extends north and south through the center of said block on which the property of plaintiffs abuts; and that defendant is wrongfully and unlawfully, and with intent to deprive said plaintiffs of the use of said alley, attempting to appropriate and use the same as her own private property and has placed barriers and obstructions across the same, etc.; asking that she be perpetually enjoined. An answer was filed alleging, in substance, that the alley in question was va-

1Reported in 83 Pac. 182.

cated by the city council of Spokane on the 25th day of April, 1888, and further setting up the right of defendant to the alley by adverse possession for over ten years. The reply denied both these allegations, and upon these issues, the cause went to trial, and terminated with a judgment in favor of the plaintiffs; and an injunction was issued restraining the defendant from interfering with the public use of the alley. From this judgment, this appeal was prosecuted.

There are but two questions to be determined in this case, (1) was the alley vacated, and (2) if it was not, has the defendant obtained title to the same by adverse possession. The appellant had been the owner of the lots now owned by the respondents for several years prior to her conveyance of them to respondents' grantors. In her deed to the respondents' grantors, they were described as being in accordance with the records of the plat on file, and the recorded plat showed the existence of the alley in question. The only evidence of the vacation of this alley is two entries in the records of the city council. The first appears under date of March 21, 1888, in the following recital:

"A petition from the Centenary church asking the vacation of the alley in block 20, Stratton's addition, was received and referred to the committee on streets and alleys;"

and on page 186 of the record, the following is found:

"The committee on streets and alleys reported favorably on the petition to vacate an alley in block 20, Stratton's addition, which, on motion of Mr. Waters, was granted."

That is all there is in the records of the council proceedings on the subject of the vacation of this alley.

The law governing the vacation of streets and alleys at the time of the alleged vacation of this alley was 1 Hill's Code, § 752, which is as follows:

"In cases where any person interested in any incorporated town in this state may desire to vacate any street, alley, lot, or common, or any part thereof, it shall be lawful for such person to petition the trustees in like manner as persons inter-

ested in towns not incorporated are authorized to petition the board of county commissioners; and the same proceedings shall be had thereon before such trustees, or other body corporate having jurisdiction, as are authorized to be had before the board of county commissiners; and such trustees or other corporate body may determine on such application, under the same restrictions and limitations as are contained in the foregoing provisions."

And § 749, as follows:

"Any person or body corporate interested in any town in this state not incorporated, who may desire to vacate any lot, street, alley, common, or any part thereof, or may desire to vacate any public square, or part thereof, in any such town, it shall be lawful for any such person or corporation to petition the board of county commissioners for the proper county, setting forth the particular circumstances of the case, and giving a distinct description of the property to be vacated, which petition shall be filed with the county auditor twenty days previous to the sitting of said court, and notice of the pendency of said petition shall be given for the same space of time, by written or printed notices set up in three of the most public places in said town, containing a description of the property to be vacated."

It does not appear from the record affirmatively, or even by implication, that the law in relation to notice was complied with, or that anything was done beyond accepting the report of the committee. This was mere preliminary action, and from it alone the court is not authorized in presuming that the prescribed notice was given, or that an ordinance was passed finally vacating the alley. Streets and alleys are of too much importance to the public to be obliterated by a showing of this kind. As tending to show the view taken by the appellant on this proposition, some time before the commencement of this action she petitioned the city council for the vacation of this alley, which petition, upon consideration by the city council, was rejected. Under the rule announced in *Unzelman v. Snohomish,* 40 Wash. 588, 82 Pac. 911, the appellant would be estopped from now claiming that the street

had been vacated at a prior time. In any event, so far as the question of title by adverse possession is concerned, this court held in *West 'Seattle v. West Seattle ·Land etc. Co.,* 38 Wash. 359, 80 Pac. 549, that a party could not acquire title by adverse possession to property held by a municipality in its governmental capacity for public purposes. The property upon which the appellant is seeking to obtain title by adverse possession is confessedly held by the city as a trustee for the public, and not as property of the municipality.

There being no error in the case, the judgment is affirmed. ·

MOUNT, C. J., HADLEY, FULLERTON, RUDKIN, CROW, and · ROOT, JJ., concur.