[No. 7718. Decided March 29, 1909.]

WILLIAM B. NORTON et al., Respondents, v. ELLIS H. GROSS et al., Appellants.[1]

REFORMATION OF INSTRUMENTS — MUTUAL MISTAKE — EVIDENCE — SUFFICIENCY. The evidence clearly shows a mutual mistake, warranting the reformation of a deed to one and one-half lots, so as to include a parcel of land formerly constituting an alley between the lots, which had been vacated, where it appears that the vendors pointed out the lines of the entire tract as one parcel and represented that it abutted on both streets, and it was occupied as one tract for residence purposes at the time.

[1]Reported in 100 Pac. 734.

QUIETING TITLE—CLOUD—WHAT CONSTITUTES. Hostile assertion
of title to a parcel of land, formerly an alley which had been vacated,
by the former owner of abutting lots, constitutes a cloud on the
title which may be quieted under Bal. Code, § 5521.

STREETS—VACATION OF ALLEY—REVERSION TO LOT—DEEDS—PROP-
ERTY CONVEYED. Upon the vacation of an alley it becomes attached
to the lots as the property of the abutting owner, under Bal. Code,
§ 1269, and the title thereto passes under a conveyance of the lots,
as a part of such lots.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered May 5, 1908, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action to reform a deed and to
quiet title.   Affirmed.

*F. Campbell,* for appellants.

*William L. Waters* and *Harry H. Johnston,* for respond-
ents.

Gose, J.—This action was instituted by the respondents
against the appellants, for the two-fold purpose of reform-
ing a deed, and quieting title to the property in accordance
with such reformation.   The amended complaint avers, that
on the 26th day of June, 1899, the appellants, in considera-
tion of the sum of $2,400 then paid to them by the respond-
ents, sold to respondents a certain tract of land in the city
of Tacoma upon which there was a residence; that the
respondents at once took and continued in the possession of
the same; that the appellants conveyed to the respondents,
according to the description contained in the deed, lot 12
and the south half of lot 11, block 410, in the city of Ta-
coma, as the same were known and marked upon a certain
plat; that by mutual mistake of the parties, there was omitted
from such deed a quadrangular strip of land, lying between
the westerly end of the property as described in the deed
and the easterly line of Tacoma avenue, which had at one
time been a part of an alley, but which had been vacated
April 16, 1899; that such parcel of land was included in

the respondents' purchase; that the appellants were assert-
ing title to the same. The appellants joined issue upon the
averments as to the sale of the parcel of land which was not
included in the deed. A decree was entered in favor of the
respondents, reforming the deed and quieting title to the
property. From this decree, the appeal is prosecuted.

The evidence clearly establishes, that the appellants ac-
quired title by purchase to the one and one-half lots described
in such deed on December 15, 1887; that at such time and
until April 18, 1897, there was an alley between the westerly
end of such lots and Tacoma avenue; that prior to the vaca-
tion of such alley, such lots abutted on E street on the east;
that after the vacation of the alley, the lots extended from
E street on the east to Tacoma avenue on the west; that im-
mediately before the sale, the respondent husband, in com-
pany with the agent who negotiated the sale between the
parties, called upon the appellants at their residence upon
such property; that the appellant husband and the agent
pointed out the lines of the property, and assured the
respondent husband that the property abutted upon both E
street and Tacoma avenue; that at such time the wood-shed
on the premises was, and now is, situate upon the disputed
parcel of land and abutted and now abuts on Tacoma avenue;
that the house fronts toward E street; that at the time of
the sale, the entire parcel of land between the two streets, to
the extent of the width of the one and one-half lots, was and
now is used as one parcel for residence purposes; that since
the date of the purchase, the respondents have occupied this
parcel of ground, paid the taxes assessed against it, and paid
the assessments upon it for the improvement of Tacoma ave-
nue. Upon the vacation of the alley, the appellants became
the owners of it in virtue of their ownership of these adjoin-
ing lots at such time.

The appellants have assigned a number of errors, but have
argued from them that there is no evidence that there was a
mutual mistake of the parties; and that before a reformation

can be decreed the evidence must be clear and convincing that the property in dispute was sold by the appellants to the respondents, and that it was omitted from the deed by the mutual mistake of the parties. We think this is a correct statement of the law governing such cases. However, its application to this case is unavailing to the appellants. · The evidence is clear and convincing to the effect that the appellants sold to the respondents the entire plat of ground between E street and Tacoma avenue to the extent of the width of the one and one-half lots, and that the former ·are asserting title to the part thereof that had formerly constituted a part of the alley. Such hostile assertion of title was ·a cloud upon the real title of the respondents, and fully justified the court in quieting the title by· decree. Bal. Code, § 5521 (P. C. § 1156) ; *Lemon v. Waterman*, 2 Wash. Ter. 485, 7 Pac. 899; *Montgomery v. Cowlitz County*, 14 Wash. 230, 44 Pac. 259.

Moreover, as we have said, upon the vacation of the alley the land became the property of the appellants by virtue of their ownership of the abutting property. Bal. Code, § 1269 (P. C. § 3563) ; *Burmeister v. Howard*, 1 Wash. Ter. 207 ; 27 Am. & Eng. Ency. Law (2d ed.), 117. This being true, it attached to and became to all legal intent a part of the property described in the deed, and passed to the respondents under such conveyance. The decree will therefore be affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.