[No. 10528.  Department One.  December 12, 1912.]

GEORGE FRANCIS ROWE *et al.*, *Appellants*, v. R. E. JAMES *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS — STREETS — VACATION — STATUTES — IMPLIED REPEAL. The act of 1901, Rem. & Bal. Code, §§ 7840-7843, providing a complete method for the vacation of streets and alleys in some respects inconsistent with the earlier law, repeals by implication Id., § 7847, of the earlier act.

SAME—OWNERSHIP ON VACATION—STATUTES. The act of 1901, Rem. & Bal. Code, § 7842, providing that, upon the vacation of a street, the fee should belong to the abutting owners, confers no rights where vested rights were acquired prior to the passage of the act, in view of § 4 of the act, Rem. & Bal. Code, § 7843, providing that no vested rights shall be affected by the act.

DEDICATION—STREETS—FEE. A city acquires only an easement in streets dedicated by a plat.

MUNICIPAL CORPORATIONS—STREETS—VACATION—OWNERSHIP OF FEE —DEDICATION—PLATS. The general rule that abutters own the fee to the center of the street is controlled by the circumstances; and where an owner plats land bounded by a street included in the plat and owns nothing beyond the street, his conveyance of land abutting on the street carries the fee to the entire street; and vacation vests title to the entire street in such owner.

[1]Reported in 128 Pac. 539.

Same—Streets—Vacation—Rights. An abutting owner acquires no rights to the fee of a vacated street by reason of the payment of assessments for its maintenance and improvement.

Tenancy in Common—Estoppel. One cotenant cannot estop another by his unauthorized words and acts.

Same. The fact that two cotenants circulated a petition for the vacation of a street with the knowledge and consent of another cotenant did not authorize them to surrender any of his rights in the property.

Estoppel—Representations as to Matters of Law—Title to Property. Where abutters on one side of the street, owning the entire fee, induced abutters on the other side, whose signatures were necessary, to sign a petition for vacation of the street by falsely representing that upon vacation all the abutters would take the fee in equal shares, they are estopped to assert their title to the entire street, where the misrepresentations were made with knowledge of their falsity, and were relied upon.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 14, 1912, upon findings in favor of the defendants, in an action to quiet title. Modified.

*John W. Roberts* and *George L. Spirk*, for appellants.

*Reed & Hardman*, for respondents.

Gose, J.—This is an action to quiet title to a strip of land thirty feet in width, extending from the south line of East Union street, in the city of Seattle, to the north line of East Madison street, and known as Old Eleventh avenue, and being one block in length. The decree awarded to the plaintiffs the westerly half of the strip of land, and awarded the remainder to the defendants. The plaintiffs have appealed, contending that they are the owners of the entire tract.

The facts which form the basis of the appellants' contention are these: In 1882 one George Werett, being the owner of a five-acre tract of land, platted it as Werett's addition to the city of Seattle. A street thirty feet in width was marked on the plat as the eastern boundary of the addition.

Lot 1, in block 2, of the addition lies parallel to, and abuts upon, this street on its westerly side, the full length of the street. A wedge-shaped tract of unplatted land, terminating at the point of junction of East Union and East Madison streets, also abuts upon the street on the east side thereof. Werett owned no property east of the street. On the 17th day of March, 1911, this street was vacated upon the petition of all the parties to the action, they being the only abutting owners. The appellants then were, and for several years had been, the owners of said lot 1, and the respondents then owned and still own the unplatted land. Pending the action, the appellants Jones and wife conveyed their interest in the property to the appellants Gidner and wife. The vacated street is the property in controversy.

The court found, that the appellants induced the respondents to unite in the petition for the vacation of the street by representing to them that, upon its vacation, the easterly one-half thereof would attach to and become a part of the respondents' property, and that the westerly one-half would attach to and become a part of the appellants' property; that the respondents, in reliance upon such representations, signed the petition; that the petition would have been insufficient without the signatures of the respondents; that the respondents have changed their position and surrendered valuable rights as owners of property abutting on the street, and that the appellants "ought not to be permitted to assert or claim" ownership of the easterly one-half of the tract. The court further found that the respondents had paid assessments on account of the establishment, maintenance, and improvement of the street prior to its vacation.

The respondents contend, (1) that they became the owners of the portion of the street awarded to them by operation of law when the street was vacated, and (2) that the appellants upon the facts found by the court are estopped to deny their title.

The first contention is based upon the assumption that the

old law, carried into the Code of 1881 as §§ 2333, 2334, 2335, and 2336, and carried into Rem. & Bal. Code as §§ 7844, 7845, 7846, and 7847, is still in force. The first three sections apply only to towns not incorporated; and § 2336, Rem. & Bal. Code, § 7847 was repealed by the Laws of 1901, page 175 et seq., Rem. & Bal. Code, §§ 7840 to 7843 inclusive. These laws all relate to the vacation of streets and alleys. The law of 1901 respecting the vacation of streets and alleys in incorporated cities and towns is a complete act upon the subject and in some essential respects is inconsistent with the provisions of the old law. *Seattle v. Hinckley*, 67 Wash. 273, 121 Pac. 444.

They further contend that, under the Laws of 1901, Rem. & Bal. Code, § 7842, they became the owners of the easterly one-half of the tract when the street was vacated. This view is not sound, as § 4 of the Laws of 1901, Rem. & Bal. Code, § 7843, expressly provides that vested rights shall not be affected by the act. We have uniformly held that a city acquires only an easement in a street in consequence of a dedication. *Gifford v. Horton*, 54 Wash. 595, 103 Pac. 988; *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362; *In re Westlake Avenue*, 66 Wash. 277, 119 Pac. 798; *Norton v. Gross*, 52 Wash. 341, 100 Pac. 734.

In the *Gifford* case, we recognized the general rule that, in the absence of a governing statute or a reservation in the grant, the owner of the land on each side of the street owns the fee to the center of the street, subject only to the easement in the public. We held, however, that the general rule may be controlled by the peculiar circumstances of the case. In that case a street was laid by the dedicators along the boundary of their land. In view of that fact, we said:

"Having conveyed the upland to the street which marked the boundary of their land, the presumption is that the grantee was invested with the fee to the entire street, and we do not think that the surrounding circumstances overcome this presumption."

When the city has surrendered its easement by a vacation of the street, it has no further interest therein. The fee in the street remained in Werett after the dedication, and passed to the appellants as an incident to their acquisition of the fee in all the abutting property that Werett had owned. None of the respondents' grantors owned any part of the street. Their title reached only to its easterly line. As abutting owners, respondents had the easements of access, light, and air, but the vacation of the street upon their petition extinguished these rights and, as their predecessors in title had never owned any part of the street, they could convey no part of the fee to the respondents. We think the correct view is that, when an owner plats land bounded by a street included in his plat, and owns nothing beyond the street, and conveys all his land abutting upon the street without reservation, the purchaser acquires the fee to the entire street. *Gifford v. Horton, supra; In re Robbins*, 34 Minn. 99, 24 N. W. 356, 57 Am. Rep. 40; *Taylor v. Armstrong*, 24 Ark. 102; 37 Cyc. 200. This rule is pointedly stated in *Commissioners of Coffey County v. Venard*, 10 Kan. 95, where it is said:

"The vacation of a road does not take any person's private property. It leaves the property of individuals just as though no road had ever been established. If a party owns the land over which the road runs, his rights and privileges are increased by the vacation of the road, instead of being diminished. If he does not own the land over which it runs then of course no property of his can be taken from him."

The respondents have directed our attention to *Burmeister v. Howard*, 1 Wash. Ter. 207; *Norton v. Gross, supra; Thomas v. Hunt*, 134 Mo. 392, 35 S. W. 581, 32 L. R. A. 857. In the *Burmeister* case, both parties claimed under a common grantor who had platted the property, including the alley in controversy, and the court was considering the effect of the proceedings of the board of trustees had under

the old statute, Rem. & Bal. Code, § 7846. In the *Norton* case, we held that, as between the vendor and the vendee, a deed to specific property carried with it by implication a quadrangular strip of land abutting upon it, which strip had formed a part of an alley to the rear of the property but which had been vacated before the property was conveyed. In the *Thomas* case, the vacated avenue was the eastern boundary of an addition as platted, but the land lying east of and adjoining the avenue was owned by the proprietors of the platted addition. The court recognized the rule that, in the absence of a controlling statute or apt words of reservation in the deed, where a street is within the dedicator's land and forms its boundary, the conveyance of an abutting lot would carry the fee in the street to the opposite boundary thereof.

There remains to be considered the contention that the appellants are estopped by their representations to assert title, and that the payment of assessments for the establishment and maintenance of the street gave the respondents equities in the land when the street was vacated. It seems quite plain that no rights inured to the respondents upon the vacation of the street in consequence of assessments contributed to its maintenance and improvement. These assessments were levied to improve the street as a public highway, and not to improve it as private property.

Coming to the question of estoppel *in pais*, the record discloses that the appellants acquired title to their property in undivided equal moieties, at one and the same time and through one and the same instrument. They assert that this created a joint tenancy, and that the representations of one joint tenant cannot estop his cotenant. We do not find it necessary to decide whether the appellants are joint tenants (Rem. & Bal. Code, § 1344), or tenants in common; as in either case one cotenant cannot estop another by his unauthorized words or acts. This must be so, for as we have seen, an undivided one-third of the fee in the street

passed to each of the appellant husbands as an incident to the acquisition of the abutting property.

The finding of the court that the respondents were induced to sign the petition by the representations of the appellants that the easterly half of the street would become the property of the former when the street should be vacated, is sustained by the evidence as to the appellants Jones and Gidner. The appellant Rowe made no such representations, and had no knowledge that they were made until after the commencement of the action. He says, that he and his cotenants decided to take the necessary steps to bring about the vacation; that he knew that the respondents' signatures were necessary, but that his cotenants had no authority to make any representations on his behalf or to surrender any of his rights. There is no evidence to the contrary. He had a fee interest in the property, and the mere fact that his cotenants circulated the petition with his knowledge and consent did not authorize them to surrender any of his rights in the property, either directly or indirectly. They could no more agree that he would surrender a portion of his land in return for the signatures of the respondents, than that he would pay an agreed sum of money.

We think, however, that the appellants Jones and Gidner are estopped by their representations to assert ownership in the portion of the land awarded to the respondents. The petition was unavailing until it had been signed by the owners of more than two-thirds of the private property abutting upon the street sought to be vacated. Rem. & Bal. Code, § 7840; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797. This could not be accomplished without the signatures of the respondents. They testified that they would not have signed the petition but for the representations of Jones and Gidner. Relying upon these representations, they surrendered their easements of access, light, and air in the street. The basis of all estoppel *in pais* is that there is one innocent party and one negligent or wrongdoing party, and the doc-

trine means that, when the innocent party has been induced to surrender a valuable right or to change his position to his prejudice relying upon the acts or representations of the negligent or wrongdoing party, then the latter will not be heard to assert the falsity of his acts or representations to the prejudice of the former. *Carruthers v. Whitney,* 56 Wash. 327, 105 Pac. 831, 134 Am. St. 1114; *Dickerson v. Colgrove,* 100 U. S. 578.

But counsel for appellants argue, that the representations were but an expression of the opinion of Jones and Gidner, upon the legal effect of the vacation; that they were innocently made, and that they are therefore not estopped to assert their full legal rights. This argument is fallacious.

"Whatever be the effect of a mistake pure and simple, there is no doubt that equitable relief, affirmative or defensive, will be granted when the ignorance or misapprehension of a party concerning the legal effect of a transaction in which he engages, or concerning his own legal rights which are to be affected, is induced, procured, aided, or accompanied by inequitable conduct of the other parties. It is not necessary that such inequitable conduct should be intentionally misleading, much less that it should be actual fraud; it is enough that the misconception of the law was the result of, or even aided or accompanied by, incorrect or misleading statements, or acts of the other party. When the mistake of law is pure and simple, the balance held by justice hangs even; but when the error is accompanied by any inequitable conduct of the other party, it inclines in favor of the one who is mistaken. The scope and limitations of this doctrine may be summed up in the proposition that a misapprehension of the law by one party, of which the others are aware at the time of entering into the transaction, but which they do not rectify, is a sufficient ground for equitable relief." 2 Pomeroy, Equity Jurisprudence (3d ed.), par. 847.

A like principle is announced in *Sanford v. Royal Ins. Co.,* 11 Wash. 653, 40 Pac. 609. But the appellants Jones and Gidner are not in a position to suggest an innocent error of law. Jones says that he knew the status of the property

and that he made no representations whatsoever. In the latter statement he is contradicted by five witnesses. Gidner says that he stated to the respondents, when the first petition was presented to the council some four years prior to the presentation of the successful petition, that, upon vacation, the owners of the respective abutting tracts would take in equal shares; that before the presentation of the last petition he learned that such result would not follow; that he did not advise the respondents of his error, and that he made no such representations to them at the time they signed the final petition. In the latter statement he is opposed by the testimony of three witnesses. Nor is the contention sound that one cannot be estopped by his representations to assert his title to real property. *Sadler v. Niesz,* 5 Wash. 182, 31 Pac. 630, 1030; *Carruthers v. Whitney, supra; Windsor v. Sarsfield,* 66 Wash. 576, 119 Pac. 1112.

The judgment is affirmed as to the appellants Jones and Gidner; and the case is remanded with directions to modify the judgment so as to award an undivided one-third of the easterly fifteen feet of the land to appellants Rowe.

Mount, C. J., Chadwick, Crow, and Parker, JJ., concur.