[No. 25925–3–I.   Division One.   April 8, 1991.]

FRED L. CHRISTIAN, ET AL, *Appellants,* v. JOHN S. PURDY, ET AL, *Respondents.*

*Ted D. Zylstra* and *Zylstra, Beeksma, Waller & Skinner,* for appellants.

*Robert A. Wolle,* for respondents.

SCHOLFIELD, J.—The Christians appeal the trial court's summary judgment order, which quieted title to a vacated roadway in favor of the Purdys. We reverse.

## FACTS

In 1949, Andrew and Maria Ottesen platted "Ottesen's Plat" in Island County, Washington.[1] Ottesen's Plat was divided into nine lots and included the former Wagner Street along the southwestern border of the plat. The plat

---

[1] See appendix.

dedication conveyed Wagner Street to Island County in 1949. The Ottesens also owned the triangular parcel of property to the southwest of Wagner Street, shown as parcel 020–234 on the map. This land, which now belongs to the Christians, was not included in Ottesen's Plat.

The Purdys acquired title to lots 5, 6, 7, 8, and 9 of Ottesen's Plat in 1978.[2] In 1983, John Purdy initiated and completed a vacation of a portion of Wagner Street. As a condition to the vacation order, Purdy was required to grant an access and utility easement for the benefit of the Christians' property.

In November 1988, Filopmena Christian attended an Island County Board of Commissioners meeting and inquired as to the status of the vacated Wagner Street. In a letter dated December 5, 1988, the County explained to her that since the full roadway had originally been dedicated as part of Ottesen's Plat, title to the vacated portion vested in the Purdys, who owned adjacent property within the plat.

In September 1989, the Christians brought this action against the Purdys to quiet title in the southwesterly 30 feet of the vacated roadway.[3] Both parties moved for summary judgment. The trial court granted the Purdys' motion, quieting title to the property in their favor. This appeal timely followed.

### TITLE TO VACATED STREET

In reviewing a trial court's decision granting summary judgment, an appellate court engages in the same inquiry as does the trial court. *Swanson v. McKain*, 59 Wn. App. 303, 306, 796 P.2d 1291 (1990), *review denied*, 116 Wn.2d 1007 (1991). Summary judgment should be granted only where the pleadings, affidavits, depositions and admissions on file, and the reasonable inferences to be drawn therefrom, viewed in the light most favorable to the nonmoving party,

---

[2] In his affidavit Christian states that Purdy owns lots 6, 7, and 9. However, this discrepancy is immaterial to the outcome of the case.

[3] The former Wagner Street was 60 feet in width.

demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Swanson,* at 306.

■■ In Washington, the public has only an easement of use in a public street or highway, and the underlying fee rests in the owners of abutting property. *Bradley v. Spokane & I.E.R.R.,* 79 Wash. 455, 458, 140 P. 688 (1914). By statute, when a public street or alley in any city or town is abandoned, title vests in adjoining landowners. *Roeder Co. v. Burlington Northern, Inc.,* 105 Wn.2d 567, 575, 716 P.2d 855 (1986) (citing RCW 35.79.040). "Similarly, at common law, the conveyance of land bounded by or along a highway carries title to the center of the highway unless there is something in the deed or surrounding circumstances showing an intent to the contrary." *Roeder Co.,* at 575. The basis for this rule is the presumption that the grantor intended to convey such fee along with and as a part of the conveyance of the abutting land. *Roeder Co.,* at 575.

The application of this general rule has been held to be dependent upon the "'particular circumstances'" of each case. *Michelson Bros., Inc. v. Baderman,* 4 Wn. App. 625, 630, 483 P.2d 859 (1971) (quoting *Rowe v. James,* 71 Wash. 267, 270, 128 P. 539 (1912)). The rule is inapplicable where the dedicated street is wholly within the boundary of the dedicator's platted land, and the dedicator owns no property outside of that boundary; in that case, title to the vacated street vests solely with the dedicator or his devisees. *See Rowe v. James, supra* at 271. Abutting owners on the other side of the vacated street have no underlying fee interest under such circumstances and thus do not take to the center of the street on its vacation. *See London v. Seattle,* 93 Wn.2d 657, 667, 611 P.2d 781 (1980).

The exception noted in *Rowe* is inapplicable here. The Ottesens owned the property on *both sides* of Wagner Street at the time of its dedication. The property to the southwest of the street was subsequently sold to the Christians, while the property to the northeast was sold to the Purdys. It is implicit in the reasoning of *Rowe* that where

an owner owns property on both sides of a street and conveys property abutting one side of the street, the conveyance carries title to the center of the street. *See Rowe,* at 271. *See also* Annot., *Description With Reference to Highway as Carrying Title to Center or Side of Highway,* 49 A.L.R.2d 982, 999 (1956) (where grantor owns property on both sides of highway, grantee of property on one side takes title to center of street).

The Purdys argue that the dedicator's exclusion of the Christians' property from the plat indicates an intention that such property not extend to the center of the vacated roadway. They argue that had the dedicators intended for the Christians' property to have an interest in the street, the plat boundary would have excluded Wagner Street altogether or only extended to the center of the street.

We disagree. An intent to exclude an abutting highway will never be presumed, but must appear from the terms of the deed and be interpreted in light of the surrounding circumstances. 6 G. Thompson, *Real Property* § 3068 (1962 repl.). Deeds may expressly exclude the streets, but unless they do, the implication is that the street is included.[4] *Bradley v. Spokane & I.E.R.R., supra* at 460. There is no evidence of an express exclusion here. The record demonstrates only that the dedicator intended to exclude the Christians' property from Ottesen's Plat. Such evidence is insufficient, standing alone, to rebut the presumption that his property extends to the center of the vacated street.[5]

---

[4]Neither party claims title to the vacated street by virtue of the express terms of their deed, nor is any deed or copy thereof contained in the record.

[5]RCW 58.17.212, enacted in 1987, generally provides that where a road to be vacated is contained wholly within a subdivision and is a part of the boundary of the subdivision, title vests with those property owners within the subdivision. This statute does not apply here as it was not in effect at the time of the vacation of Wagner Street in 1983.

█ The Purdys have also raised issues of estoppel and acquiescence in this appeal. However, because these arguments were not raised at the trial court, we decline to address them here.

Reversed and remanded.

WEBSTER, A.C.J., and AGID, J., concur.

APPENDIX