[No. 16321-7-II.   Division Two.   April 13, 1995.]

ERICKSON BUSHLING, INC., ET AL, *Respondents*, v. MANKE LUMBER COMPANY, *Appellant*.

*Thomas J. Taylor,* for appellant.
*Nathan G. Richardson* and *Johnson, Miller & Richardson,* for respondents.

HOUGHTON, J. — Manke Lumber Company appeals from a trial court judgment quieting title to certain property and awarding damages for timber trespass. We affirm.

### FACTS

The facts are undisputed. Erickson Bushling, Inc., and Jack Hart (Erickson) own adjoining undeveloped parcels of land in Clallam County. Manke Lumber Company (Manke) owns property abutting Erickson's land on the north. A section line divides the Erickson and Manke properties. When the land was originally platted, a 60-foot-wide easement for a county road was dedicated. The easement ran 30 feet on either side of the section line. Although the road was never opened, the easement was likewise never vacated by Clallam County.

Sometime in the 1950's, Erickson's predecessor in interest built a barbed wire fence along what he believed was the section line. However, the fence actually meandered to the north of the section line, at one point encroaching more than 30 feet onto Manke's property. In 1990, Manke had the property surveyed and discovered the discrepancy. Manke then logged the property up to the section line, crossing the existing fence line.

Erickson filed a lawsuit to quiet title to the property and for timber trespass. Erickson moved for partial summary

judgment to determine whether the action could be maintained in light of the County's easement and the law that adverse possession generally cannot run against property held for any public purpose. Erickson's motion was granted, and in its memorandum opinion granting partial summary judgment, the trial court noted that RCW 7.28.090, the general rule that adverse possession cannot run against lands held for a public purpose, applies only where the government has title to the land in question.

Before a bench trial was held on the matter, Manke moved in limine for an order barring Erickson from presenting any testimony relating to adverse possession of the property. The motion was denied. At the conclusion of trial, the court entered judgment quieting title to the disputed property in Erickson. Pursuant to RCW 64.12.030, Erickson was also awarded treble damages for Manke's timber trespass in logging on the property. Manke appeals.

## ANALYSIS

Manke contends the trial court erred in: (1) granting partial summary judgment for Erickson; (2) denying Manke's motion in limine; and (3) entering conclusions of law 2, 3, 4, 5, 6, 7, and 8. Manke's contentions are all predicated upon the argument that adverse possession claims are precluded against property held by a governmental entity for a public purpose. Manke asserts that RCW 7.28.090 and case law bar Erickson's claim, because most of the disputed property was part of a dedicated, unopened public road or right of way, and thus was subject to a governmental interest.

■ RCW 7.28.090 reads in pertinent part:

RCW 7.28.070 and 7.28.080[1] shall not extend to lands or tenements owned by the United States or this state, nor to school lands, nor to lands held for any public purpose.

However, when land is dedicated to the public for a street or road, the public acquires only an easement. *See Rowe v. James*, 71 Wash. 267, 270, 128 P. 539 (1912). Therefore, here, the County has only an equitable interest in the prop-

---

[1]RCW 7.28.070 and RCW 7.28.080 authorize actions for adverse possession of land.

erty for a public right of passage. *See Finch v. Matthews,* 74 Wn.2d 161, 167-68, 443 P.2d 833 (1968). The underlying fee remains in the adjacent property owners. *See Finch,* at 167-68. The owners of land on each side of the street own in fee to the center of the street, subject only to the easement in the public. *See Rowe,* at 270.

Manke relies upon several cases for its argument. First, Manke argues that *Jackson v. Pennington,* 11 Wn. App. 638, 525 P.2d 822, *review denied,* 84 Wn.2d 1013 (1974) supports its position. *Jackson* involved a claim for adverse possession against property formerly held by a municipality for a public esplanade. However, in *Jackson,* the city held title to the land in question, a fact which was recognized by the party asserting adverse possession. The plaintiffs owned a small cottage which had been built almost entirely on land within the esplanade. When the plaintiffs sought a building permit to expand the cottage, the city informed them that because the cottage was on land designated for a street, it would require a permit to use the street before issuing the building permit. The appellate court held that by applying for a such a permit, the plaintiffs had recognized the city's superior title, thereby failing to establish the element of hostility for the 10-year statutory period required for adverse possession. As a result, the case did not reach the issue of whether the plaintiff could adversely possess against a governmental entity.

Manke also relies upon *Benton City v. Adrian,* 50 Wn. App. 330, 748 P.2d 679 (1988). That reliance is misplaced. In *Benton,* an action to abate a public nuisance created by run-off water from agricultural irrigation, the defendants argued acquisition of a prescriptive right to allow such run-off. *Benton* was an action for a prescriptive right against the city, not an action against an underlying fee owned by a private owner. Here, Erickson does not assert any right against the interest of the County, and the fee is owned by Manke, not the County.

Manke also cites to *Goedecke v. Viking Inv. Corp.,* 70 Wn.2d 504, 424 P.2d 307 (1967). However, *Goedecke* specifically states that "[a]n abutting property owner does not acquire by adverse possession any part of a right of way to

which a municipal corporation *has* title." (Italics ours.) *Goedecke*, at 509.

Only two of the cases cited by Manke involve actions against an adjoining property owner, rather than against a governmental entity. One is *Jackson*, discussed above. The other is *Rapp v. Stratton*, 41 Wash. 263, 83 P. 182 (1905). In *Rapp*, Stratton blocked an alley, claiming ownership through adverse possession. Rapp sought and obtained an injunction preventing Stratton from blocking public access to the alley. In this matter, public access is not in issue and *Rapp* does not apply.

Here, Erickson does not attempt to extinguish the County's easement, restrict public access along the easement, or interfere with the County's use of the easement. Erickson merely asserts its right to the timber and land it claims through adverse possession from Manke. Manke does not claim, and the evidence does not demonstrate, that if the road were opened Manke's access to the road right of way would be restricted. Because of the meandering path of the fence constructed by Erickson's predecessor in interest, Manke will remain an abutting owner with access to such a road.

Moreover, the County's rights to the easement remain unaffected by Erickson's claim. We hold that where, as here, the dedicated road in question is unopened, title to the disputed property is held by a private party, and neither access to the right of way nor any interest of the public is at issue, an action for adverse possession of the underlying fee may be maintained against the fee owner. Thus, the trial court did not err in concluding that Erickson adversely possessed and established ownership of the disputed property. Accordingly, the trial court did not err in denying Manke's motion in limine and in awarding damages to Erickson for timber trespass by Manke.

Affirmed.

SEINFELD, C.J., and ALEXANDER, J. Pro Tem., concur.