[No. 7335. Decided June 1, 1908.]

A. W. LUEDERS, *Appellant*, v. TOWN OF TENINO, *Respondent*.[1]

TRIAL—CONDUCT—REOPENING—DISCRETION. It is discretionary to reopen a case for further evidence upon a showing that it was unknown to counsel, where the opposite party is given an opportunity to rebut the same.

DEDICATION—PARKS—ORAL DEDICATION—EVIDENCE — SUFFICIENCY. There is sufficient evidence of an oral dedication of a park where the owners platted adjoining lands into lots and blocks, giving out blue prints showing the park, and selling lots on representations that the same abutted on the park, and permitted general use of the same as a public park for many years.

[1]Reported in 95 Pac. 1089.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered December 27, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Frank C. Owings,* for appellant.

*Troy & Sturdevant,* for respondent.

Mount, J.—The plaintiff brought this action to quiet his alleged title to certain lands in the town of Tenino. The town claims title by reason of a dedication to the public for park purposes, and by adverse possession. At the trial a decree was entered in favor of the town. The plaintiff appeals.

Two errors are assigned; (1) that the court erred in reopening the case for further evidence upon motion of the defendant after the case was submitted; (2) that the evidence is not sufficient to show a dedication of the property to the public for park purposes by the grantors of the appellant. On the first question it appears that, after the cause was submitted to the trial court for decision, before a decision had been made, the respondent applied to the court, upon notice to the appellant, to reopen the case for further evidence. Affidavits were filed. Upon a hearing the court granted the application and received further evidence. It is conceded by the appellant that the reopening of the case rests in the discretion of the trial court, but it is argued that the court abused its discretion because the evidence which was subsequently introduced might have been obtained before the submission of the case. The showing upon the motion to reopen the case was that this evidence was unknown to the counsel at the time of the trial and was subsequently discovered. This was sufficient to justify the order of the court, especially where no unfair advantage was taken of the appellant and where he was given an opportunity to rebut this

evidence, as is the fact here.   There appears to have been no abuse of discretion in this case.

Upon the second question there appears to be abundant evidence to show an oral dedication of the property in dispute to the town as a public park.   The evidence clearly shows that, along about the years 1890-91-92, the land in question was owned by William Raglass and wife.   They platted certain adjoining lands into lots, blocks, and streets.   They had certain blue prints made of this land, and upon these blue prints showed the land in question as a park.   They gave out these blue prints, and sold many lots upon the representation that this park was a public park, and many persons purchased lots and block adjoining the park, relying upon such representation.   The citizens of the town, with the acquiescence of Raglass and wife, used the premises, which were recognized generally as a public park for many years.   The appellant, a few months prior to the time of bringing this action, purchased the property with notice and knowledge of these facts.   There is some question whether there was a dedication of this land by deed; but assuming that the dedication by deed refers to another piece of ground, the facts shown prove a clear intention to dedicate this particular tract, and that Raglass and wife and the appellants are now estopped to say the land is not a public park.   13 Cyc. 454 *et seq*.

The judgment is therefore affirmed.

HADLEY, C. J., CROW, DUNBAR, FULLERTON, and RUDKIN, JJ., concur.