[No. 7421.   Decided April 8, 1909.]

GENEVIEVE SHERTZER et al., Respondents, v. HILLMAN INVESTMENT COMPANY, Appellant.[1]

DEDICATION—PARKS—RIGHTS OF PURCHASERS—INJUNCTION AGAINST REPLAT OR SALE. Purchasers of lots in an addition, in which the plattors have dedicated land for a park thereby inducing the sales and increasing the value of the lots, may maintain an action to enjoin the recording of a second plat whereby the park is subdivided into lots, and from selling the park or interfering with its use by the public.

DEDICATION—PARKS—ACTS CONSTITUTING—CORPORATIONS—ACTS OF OFFICERS—ESTOPPEL. The acts of a corporation in platting an addition of suburban property amount to a dedication of part of the land as a park, where a large copy of the plat used in selling lots was exhibited on the walls of its office maintained in the addition, large signs directed investors to the location of the park, it was featured in advertisements in the newspapers, and improved as a park, and the selling agent and the president of the company owning a majority of the capital stock represented it as a park for public use, and the corporation received the benefit of sales made on such representations.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 18, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for an injunction. Affirmed.

*Frederick R. Burch, John A. Saboe,* and *Oliver Hulback* (*Troy & Falknor,* of counsel), for appellant.

*Hastings & Stedman, Scott Calhoun,* and *Howard A. Hanson,* for respondents.

[1]Reported in 100 Pac. 982.

CROW, J.—This action was commenced by Genevieve Shertzer and others, to enjoin the Hillman Investment Company, a corporation, from subdividing and selling a tract of land in C. D. Hillman's Atlantic Addition to the city of Seattle. The trial court found that the Hillman Investment Company, owner of a tract of land, did in June, 1905, plat the same into town lots, streets, alleys, and a park; that it caused a map thereof to be made; that the ground was staked to conform thereto; that it platted a portion of the land fronting Lake Washington into a park, showing the same on the plat as a park; that it beautified the park, and arranged it for public use by erecting a wharf, bath houses, and other conveniences thereon; that during the latter part of July, 1905, the Hillman Investment Company by its conduct, declarations, and representations, dedicated the park to the public; that relying upon such conduct, declarations, representations, and dedication, the plaintiffs and many others, did, prior to August 1, 1905, purchase lots in the addition, which was suburban property valuable for residential purposes; that the park made the lots more desirable; that its existence was a material inducement to buyers; that on August 1, 1905, the appellant filed a plat for record which was changed from the one first made and theretofore shown to the respondents; that by such change that portion of the addition appearing on the first plat as a park had been marked and designated as Block 16; that the change had been made without the knowledge or consent of the respondents; that the tract appearing as block 16 of the recorded plat was in fact a public park by virtue of the previous dedication, being the premises so marked on the original plat; that at the time of the commencement of this action the appellant was platting, or about to plat, such public park into lots and blocks for the purpose of selling the same; that the addition when originally platted was outside of the city of Seattle, but that since the commencement of this action it has been annexed to, and included within the city. Upon

these findings, which are sustained by a clear preponderance of the evidence, the trial court held the land in dispute to be a public park, and entered a decree enjoining the Hillman Investment Company from subdividing the same or selling any part thereof. The Hillman Investment Company has appealed.

The appellant contends that the effect of the decree is to compel a conveyance of land by it to the public for use as a park, such order being based upon nothing more than the verbal representations of its agents. It mistakes the theory upon which this action is prosecuted. It is not an action requiring the appellant to specifically perform an oral agreement for the conveyance of land, but is prosecuted upon the theory that the appellant by its acts, declarations, and conduct in making the first plat, and in using it when selling lots, dedicated the land for a public park; that its subsequent acts in changing and recording the plat after respondents' rights had accrued were a fraud upon them and other property owners, and that it should be enjoined and restrained from platting, subdividing, and selling the park or interfering with its use and enjoyment by the public. Since this case was tried in the superior court, the opinion in *Lueders v. Tenino,* 49 Wash. 521, 95 Pac. 1089, was announced, and on the authority of that case we hold that the land in dispute was dedicated as a public park, and that the appellant as an individual owner thereupon ceased to have any rights therein.

Appellant, however, contends that all of the representations as to the existence of the park made prior to the recording of the second plat, of which the respondents complain and upon which they now rely, were oral, that they were made by appellant's president and selling agent, and that no evidence has been produced of any authority in its agents to make such representations, or to show that the appellant had knowledge thereof or ratified the same. Under the evidence this contention cannot be sustained. It appears that, prior to the purchases made by respondents, a large copy of the

first plat, used in selling lots, was exhibited in a prominent place on the walls of an office which the appellant maintained in the addition; that large signs were placed in the addition directing investors and the public to the location of the park; that the appellant paid for newspaper advertisements in which the park was mentioned as an attractive feature of the addition; that C. D. Hillman, the president of the corporation, and his wife, owned a majority of the capital stock of the appellant corporation; that the representations were made by C. D. Hillman, president, and one Griffin, appellant's selling agent; that the company had to a considerable extent beautified and improved the park for use by the public; that nearly all of the lots in the addition were sold to parties who were at the time informed by appellant's president and selling agent that the tract in question was a park, and that the appellant thereafter received the benefit of such sales by collecting the installments of purchase money as they matured. Without regard to the original authority of appellant's president and selling agent, it is impossible to conclude, in the face of undisputed evidence of these facts, that the appellant corporation was ignorant of the acts and representations of its agents, or that it had failed to ratify the same. No evidence was offered by it to contradict or in any manner explain that offered by the respondents. The trial court properly held the tract to have been dedicated as a public park.

The judgment is affirmed.

PARKER, DUNBAR, CHADWICK, FULLERTON, GOSE, MORRIS, and MOUNT, JJ., concur.